## CHARLESTON.

### CHAS. SHANNON BUTTS v. J. FLEETWOOD BUTTS.

### Submitted October 3, 1917.  Decided October 9, 1917.

1. CONTRACTS—*Contract for Benefit of Another—Suit—Statute.*

   An agreement by a substituted beneficiary in a life insurance policy to pay to the son of the insured, the amount realized on the policy, less a certain debt of the insured, assumed by the person so substituted, and the premiums to be paid by him, is, as to such balance, a contract made for the sole benefit of the son, within the meaning of sec. 2, ch. 71, Code, and he may sue for it at law. (p. 54).

2. SAME—*Action—Demand for Payment—Declaration.*

   A demand for payment of such sum is not a condition precedent to a right of action therefor, and the declaration need not aver a special request or demand for it. (p. 57).

3. WITNESSES—*Credibility—Contract—Negotiations.*

   The time, place and circumstances attending the making of an oral contract and the incipient negotiations, whether written or verbal, are relevant and admissible, and generally material and weighty in the solution of issues involving the recollection and credibility of witnesses. (p. 57).

4. CONTRACTS—*Appeal and Error—Construction—Question for Jury—Verdict.*

   If, in the trial of an issue as to the terms of a contract, on which both documentary and sharply conflicting oral evidence is adduced, the documentary evidence is irreconcilably conflicting, the issue is narrowed to the oral evidence, the probative value of which is a question falling within the exclusive province of the jury, and the court cannot properly disturb the verdict. (p. 60).

5. NEW TRIAL—*Grounds—Surprise.*

   Award of a new trial, on the ground of surprise by the introduction of oral evidence of the contract alleged, instead of written evidence, is not justified by an affidavit exhibiting letters of the plaintiff, apprising the defendant of a claim of both an oral and a written promise, in a case in which the declaration sets up an

agreement in general terms and without indication as to whether it was verbal or written.  (p. 60).

6.  SAME—*Grounds—Surprise—Issues.*

    A defendant is bound to look forward to, and provide for, such issues of fact as will probably arise in the course of the trial, and he cannot obtain a new trial on the ground of his failure to provide, by means within his reach, and well known to him, for a contingency which he might reasonably have anticipated.  (p. 61).

7.  SAME—*Newly Discovered Evidence—Cumulative Evidence.*

    A new trial cannot properly be awarded upon after-discovered evidence that is merely cumulative.  (p. 61).

Error to Circuit Court, Kanawha County.

   Action by Chas. Shannon Butts against J. Fleetwood Butts. Verdict for plaintiff.  From a judgment setting aside the verdict and awarding a new trial, plaintiff brings error.

*Reversed, verdict reinstated, and judgment for plaintiff.*

*C. Beverley Broun,* for plaintiff in error.

*Avis & Donnally,* for defendant in error.

POFFENBARGER, JUDGE:

The grievance complained of on this writ of error is the setting aside of a verdict for the plaintiff and award of a new trial.

To sustain the action of the court in its allowance of a new trial, the demurrer to the declaration is relied upon.  It contains the common counts and a special one setting up an oral contract by the defendant to pay to the son the sums of money realized from certain insurance policies on the life of the father, after deduction of certain indebtedness of the father to the defendant and such sums as he should there after pay on account of premiums on the policies.  As originally issued, the plaintiff's mother was the beneficiary named in the policies.  Pursuant to the agreement, as alleged, the defendant was substituted for the mother as the beneficiary, and thereafter paid premiums amounting to $832.00.  The pre-existing indebtedness provided for was a note for $600.00, endorsed by the defendant and held by a bank.

The court proceeds upon the theory of right in the plain-

tiff to sue at law, by virtue of the statute, ch. 71, sec. 2, Code, on a contract made by others for his sole benefit, and the contention of the defendant is that the contract alleged was not made for his sole benefit because it secured a debt of the defendant or indemnified him against a liability, and relieved the father and mother from liability for the premiums. The indemnity afforded the defendant was mere consideration for his assumption of payment of the premiums and agreement to pay the plaintiff the balance of the money to be realized, less the premiums to be paid. The father's estate is not liable to the son for the money in question and payment thereof does not relieve it of any burden. After the change of beneficiaries, the father had no further interest in the policies and was liable for nothing pertaining to them. The son is manifestly the sole beneficiary of the promise alleged. It was not one to pay to the son for the father, but one merely to pay to the son.

A further ground of demurrer is lack of an averment of a special demand for payment, as a condition precedent to right of action. Since no act on the part of the plaintiff was required by the terms of the contract, to enable the defendant to pay over the money, a special notice, demand or request was not a condition precedent to right of action, wherefore it was not incumbent upon the plaintiff to allege or prove it. *Union Slopper Co.* v. *McGara,* 66 W. Va. 403; *Austin* v. *Richardson,* 3 Call. 201; *Life Ins. Co.* v. *Koegel,* 104 Va. 619, 628. If there had been a bailment or similar status to be terminated by notice, or something to be done by the plaintiff to impose upon the defendant duty to pay the money, the rule of pleading relied upon would apply, but there was nothing of the kind. Defendant's mere receipt of the money made it his duty to pay what he had agreed to pay. His obligation depended upon one condition only, receipt of the money.

It is unnecessary to say whether the demand is recoverable under the common count for money had and received, since the special count, if necessary, is sufficient.

After having rejected a certain letter from the defendant to plaintiff's father, offered in connection with the testi-

mony of the mother, the only witness to the contract, because it did not state the contract alleged, but proposed a different one, the court permitted the witness substantially to state the contents of the letter as matter incident to the beginning of the negotiations culminating in the contract, and the defendant excepted to the overruling of his motion to strike out this portion of her testimony. This ruling is relied upon as an error justifying the award of a new trial. The time, place and circumstances attending the making of an oral contract and the incipient negotiations are always admitted in evidence, for, although ordinarily unimportant, they are nevertheless relevant, and they sometimes become material and potent factors in the solution of issues as to recollection and credibility of the witnesses. This record is. replete with issues of that kind, the conflict in the evidence being pronounced and emphatic. No error is perceived in the admission of the evidence in question.

Right to set aside the verdict as being contrary to the weight of the evidence is urged. The testimony of the plaintiff's mother, his only witness, names Newport News, Va., as the place of the contract and on or about Oct. 10, 1911, as the date thereof. She swears positively and emphatically that the defendant and her husband then entered into the verbal agreement set forth in the special count of the declaration, stating the terms thereof, in her husband's office and in her presence. The defendant not only denies this, but also that he was in the City of Newport News, on the date of the alleged contract. Two other witnesses, his wife and a lady who kept his books in his dental office, all swear he was in Charleston, W. Va., at that time. He and they all say he was not absent from Charleston in the year 1911, after the month of June. In that month, he attended a Dental Board meeting.held at Wheeling. He put in evidence his office books tending to show his presence at his office from October 5, to October 17, 1911, inclusive, and they show entries on all of those days except the Sundays. His claim, contention and testimony, corroborated by the testimony of his bookkeeper, is that plaintiff's father verbally transferred the policies to him in his office at Charleston, early in Oc-

tober, 1911, in consideration of $100.00 then delivered to him in cash, after his request for a loan or gift of that amount had been denied. Another version of his is that his brother, being in great need of money and already in debt to him and unable to pay, simply gave him the policies, on his delivery of the $100.00 to him. This is somewhat inconsistent with a proposal or suggestion made by the defendant, in a letter to the insured, bearing date, September 26, 1911. In that letter, he said: "If you can't carry it, (the insurance), you had better have it transferred to me and I will pay it out and at its maturity pay it back to you your proportion assessed on the amount that each pay in. Now do it at once and don't wait until the premium is due." While this suggestion does not accord with the contract alleged, it proves negotiation for the transfer of the policies. Plaintiff's mother swears her husband answered that letter, expressing satisfaction with the suggestion, and that the defendant replied by another letter dated, Oct. 8, 1911. A letter of uncertain date as to the month was introduced. It was written either Sept. 8, or Oct. 8, 1911, "Oct." having been apparently written under "Sept." The envelope the mother swears it came in is post-marked October 7, 1911. He admits he wrote the letter. In it, he said: "You I think understand that I am only trying to protect myself and that I do not want to take advantage of you or yours in regard to the insurance and that if anything should happen to you I will see to it that your son was provided for by the insurance." Mrs. Butts swears he came to Newport News, on the day on which that letter was received, and made the contract alleged. If it was written, Oct. 7, or 8, 1911, and that was a jury question, it tends very strongly to prove Dr. C. S. Butts was not in Charleston, on either of those days, and also to contradict the defendant's statement that he was there October 7, 8, or 9, 1911, and then received money from him in consideration of an agreement to transfer the policies. It purports also to be a reply to a letter from Dr. C. S. Butts, necessarily written at Newport News, sometime before, and makes no reference to any previous conversation on the subject of the insurance. In other words, it strongly corroborates the mother and contradicts

the evidence of the defendant, as to the location of Dr. C. S. Butts at that time and the negotiations. The general intention and purpose expressed are also consistent with her testimony and inconsistent with that of the defendant and his bookkeeper. The book entries have a potent tendency to prove the defendant was in Charleston, on the date of the transaction, whatever it was. Their presence at the same place at the same time is an essential element of the transaction, as related on both sides. If it took place in Newport News, both were there, and, if it occurred in Charleston, both were there. On this crucial point, the documentary evidence looks in directly opposite directions, and necessarily refers this question to the oral evidence, the probative value of which depends upon the credibility of the witnesses. Issues of that kind fall within the exclusive province of the jury and its findings thereon cannot be disturbed by the court.

As the jury disallowed some items claimed as sets-off, or as having been provided for in the contract, it is contended the verdict is excessive. As proved by the testimony of the mother, the contract made no provision for these items, and the jury, having passed upon the sharp conflicts in the evidence, accepted her version of it. They allowed him the $600.00 note and interest on it and the premiums he had paid and the interest on them. That is all he was entitled to under the contract as the jury found it to have been made.

Other grounds of the motion were surprise and discovery of material evidence after the trial. The defendant had reason to suspect proof of an oral agreement, or one founded in part on oral evidence. The mother's letters dated, Dec. 6, 1915, and Jany. 10, 1916, apprised him of it. While they say his letters constituted a written contract, each referred to an oral promise, one saying: "You must remember how positively you promised that you would act honest about the insurance * * * and you would see that Shannon got his proportionate share;" and the other: "You assured me by word and letter that you would do the right thing." Moreover, the declaration counted on a contract in general terms, not a written contract. In view of the knowledge thus im-

parted long before the trial, the defendant was bound to exercise diligence in the procurement of his evidence; and it is perfectly obvious that he could have had before the court the witnesses whose affidavits tend to verify and strengthen his book entries as evidence. Besides, the after discovered evidence is both indecisive and cumulative. Only one of the affiants fixes any certain day as that on which dental work was done for her by the defendant. All the others say he did work for them in the year 1911, or on or about certain days in October of that year. The affidavit fixing absolutely Oct. 11, 1911, as the date of certain work done, may be true, and yet the defendant may have been in Newport News "on or about" Oct. 10, 1911.

It is the duty of a litigant to exercise prevision. He must look forward and anticipate and provide for what he ought to know may happen in a trial. This is the clear import of language used in *State* v. *Stowers,* 66 W. Va. 198. If a party were permitted to obtain a new trial, on his statement of lack of knowledge of materiality of a fact he could have proved, if he had known it was material, then the way to a new trial would be both short and easy. The testimony of these witnesses, if admitted, would merely add to that of Mrs. Kirkendall, the bookkeeper. She says the affiants were at the office on certain days. They would say the same thing. That makes their evidence cumulative. This alone bars it. There are four requisites: discovery after the trial, inability to discover it before by the exercise of reasonable diligence, materiality and non-cumulativeness. All must be present. Lack of any is fatal.

A motion to dismiss the writ of error is overruled upon the principles and conclusions stated in the opinion in *Rosin Coal Land Co.* v. *Martin,* submitted and decided contemporaneously with this case, in which a like motion was made upon the same grounds as those relied upon here.

For the reasons stated, the judgment setting aside the verdict and granting a new trial will be reversed and annulled, the verdict reinstated and judgment for the plaintiff rendered thereon, with costs in the court below and costs in this court and damages according to law.

*Reversed, judgment reinstated, judgment for plaintiff.*