(78 South. 318)

BLANCETT v. WIMBERLEY et al.
(8 Div. 443.)

(Court of Appeals of Alabama.    Feb. 26, 1918.)

FALSE IMPRISONMENT ⚖═7(2)—LIABILITY OF JUSTICE OF THE PEACE—EXCESS OF JURISDICTION.

An ex officio justice of the peace, who, in view of Code 1907, §§ 7605, 7606, had jurisdiction as a committing magistrate in a case charging plaintiff with violation of Acts 1907, p. 413, § 11 (Acts 1911, p. 613), and who entertained the view that Acts 1909, pp. 41, 42, was applicable, merely exceeded his jurisdiction, where, he in good faith adjudged plaintiff guilty, and sentenced him, so that neither defendant nor his sureties were liable to plaintiff, who had been incarcerated in jail for eight days as a consequence, on the theory that his act was wholly without jurisdiction.

Samford, J., dissenting.

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Action by Hugh Blancett, Jr., against Joel R. Wimberley and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. H. Norwood, of Scottsboro, for appellant. Bouldin & Wimberly, of Scottsboro, for appellees.

BROWN, P. J.  The averments of the complaint show that the defendant Wimberley, a notary public and ex officio justice of the peace, on a charge legally preferred before him by affidavit made by one Smith, charging the plaintiff "with violating the live stock sanitary law" (Acts 1907, p. 413, § 11; Acts 1911, p. 613), proceeded to a trial of the plaintiff on the merits of the charge, adjudging him guilty, and sentencing him to confinement in the county jail for a period of six months as a punishment for the offense, and that on a mittimus issued by the justice the plaintiff was incarcerated in the county jail of Jackson county for a period of eight days by the sheriff of said county. To this complaint, a demurrer was sustained, and plaintiff, declining to plead further, suffered judgment and appeals.

The questions propounded by this appeal are whether Wimberley and the sureties on his official bond are liable to the plaintiff for this invasion of his right of personal liberty, or whether the justice is within the immunity afforded by the rules of law exempting judges of courts from liability for acts done by them in the exercise of judicial functions.  This involves the further in-

quiry whether or not the acts in question were done wholly without jurisdiction, actual or colorable, or whether the case presents one of mere excess of jurisdiction; there being no contention that the acts of the justice were attended by corrupt motives or bad faith. It is conceded that the defendant Wimberley, as ex officio justice of the peace, had the jurisdiction of a committing magistrate, and that as such he had jurisdiction both of the offense and person charged, for the purpose of determining whether or not an offense had been committed, and, if so, whether there was probable cause to believe that Blancett was guilty thereof, and if in the opinion of the justice, after hearing the evidence an offense had been committed, and there was probable cause, the justice had authority to discharge Blancett on bail and in default thereof to commit him to jail, and to this end was authorized to issue a commitment authorizing the sheriff to place him in jail. Code 1907, §§ 7605, 7606.

It is generally agreed that a judge of a court of general jurisdiction is not civilly liable for his judicial acts, where he had jurisdiction of the subject-matter and of the person, whether said acts be erroneous or corrupt, even if he exceeded his jurisdiction; also that a judge of an inferior court has like freedom, where he commits an honest error, while acting within his jurisdiction. There seems, also, to be a general agreement that judges, whether of courts of superior or inferior jurisdiction, who knowingly act without any jurisdiction at all, are civilly liable for the damages accruing therefrom. There is a tendency in the modern cases to hold that an inferior judge who merely exceeds his jurisdiction is not liable, if his acts are not attended with corruption or bad faith. From the more recent leading case in this state we take the following observations:

"There are numerous cases which support the view that a judge of limited and inferior jurisdiction is liable in every case where he acts merely in excess of his actual jurisdiction, so that his act is void as distinguished from voidable or illegal. * * * These cases, however, proceed in general on the narrow view that a void act necessarily imposes liability, which assumes, in accordance with a once much-favored theory, that there is a radical distinction between the acts of judges of high and judges of low degree in excess of their jurisdiction, to the extent that the one class should never be held liable, while the other should always be. That there is reason, justice, or policy in any such radical distinction has long been subject to doubt, and is increasingly denied by the best-considered modern cases and by the standard text-writers. * * * And there can be no doubt, we think, but that the distinction is sufficiently manifest and public policy fully subserved by the requirement of good faith without malice or corruption, with at least a colorable invocation of the judicial functions in the particular case." Broom v. Douglass, 175 Ala. 275, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; Burgin v. Sullivan, 151 Ala. 416, 44 South. 202; Grove v. Van Duyn, 44 N.

J. Law, 654, 43 Am. Rep. 412; Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646.

From the argument of appellant's counsel we infer that the justice entertained the view that the act of August 19, 1909 (Acts 1909, pp. 41, 42), was applicable to the case before him, and that he had final jurisdiction and was authorized to adjudge Blancett guilty and impose the sentence which was pronounced. This is used arguendo, but is convincing to the writer that the case here presented is one wherein the justice merely exceeded his jurisdiction, and, his acts being attended with good faith and being without malice or corruption, he is not liable, and therefore that the judgment should be affirmed.

Affirmed.

BRICKEN, J., concurs.

SAMFORD, J. (dissenting). The complaint, which was in one count, was as follows:

"The plaintiff claims of the defendants $1,000 damages, for that heretofore, to wit, on the 11th day of May, 1915, the defendant Joel R. Wimberley was a notary public, with the powers of the justice of the peace, in precinct No. 3 in said county of Jackson. Plaintiff avers that on, to wit, 22d day of January, 1915, said Joel R. Wimberley executed his bond as such notary public and ex officio justice of the peace in the sum of $1,000, payable and conditioned as prescribed by law in such cases, which said bond was signed and executed on said 22d day of January, 1915, by the above named codefendants of said Joel R. Wimberley as his sureties therein, and which said bond was approved and ordered to be recorded by the judge of probate of said county on the 22d day of January, 1915, and which said bond is still in force and effect. Plaintiff further avers that on the 11th day of May, 1915, said Joel R. Wimberley, while acting under color of his said office, breached his said bond in this: That under color or of his authority as such notary public and ex officio justice of the peace, and under color of his said office, wrongfully and unlawfully and contrary to the will of plaintiff, caused plaintiff to be deprived of his liberty for the space of eight days in the county jail of said county under a charge preferred by the affidavit of one W. C. Smith, charging plaintiff with violating the state life stock sanitary laws of the state of Alabama, under which said charge defendant Joel R. Wimberley, as such notary public and ex officio justice of the peace, did, on the 11th day of May, 1915, try said plaintiff on the merits of said charge and rendered final judgment in said cause, by which said final judgment said plaintiff was found guilty of said charge, and in and by which said final judgment said defendant Joel R. Wimberley, acting under color of his said office of notary public and ex officio justice, wrongfully and unlawfully, and in excess of his jurisdiction and authority in and over said cause, among other things, sentenced and committed plaintiff to confinement for the term of six months in the jail of said county. Plaintiff avers that, by reason of said wrongful and unlawful judgment and sentence to imprisonment, he was by a mittimus issued by said notary public and ex officio justice of the peace on the 11th day of May, 1915, conveyed by the sheriff or deputy sheriff of said county to said county jail, and was confined therein for the space of eight days next after the date from said sentence and commitment to

said jail. Plaintiff avers that by reason of said wrongful and unlawful acts of said Joel R. Wimberley, done under color of his said office, in sentencing and committing plaintiff to said jail as punishment for said alleged public offense as above set out, plaintiff was of a necessity forced to expend and did expend a large sum of money, to wit, $50, in the employment of an attorney at law in procuring his release and discharge of said imprisonment in said jail, which discharge was procured by and through an order of the probate judge of said county had and made on the 18th day of May, 1915, under a habeas corpus proceeding had for that purpose. As a condition for his discharge from said imprisonment, plaintiff was required to execute and did execute a bond, with sureties, conditioned for his appearance at the next ensuing term of the circuit court to be held for said county, to answer an indictment that a grand jury of said county might find against him, founded on the charge for which he had been imprisoned in said jail; and afterwards, at the September term, 1915, of the circuit court of said county, the grand jury sitting for said county inquired into and investigated the law and facts concerning the charge upon which the plaintiff had been so arrested, tried, and imprisoned as aforesaid, and said grand jury failed and refused to find an indictment against plaintiff charging him with any public offense whatever, so that said prosecution against plaintiff was finally ended in his favor. Plaintiff further avers that because of such unlawful detention and deprivation of his liberty as aforesaid, by said Joel R. Wimberley, done under color of his office as such notary public and ex officio justice of the peace, plaintiff has suffered great mental and physical pain, mortification, and humiliation of his feelings, and other wrongs and injuries, to plaintiff's damage of $1,000; hence he brings this suit."

To this the defendants demurred, assigning the following grounds:

"(2) The acts complained of on the part of the defendant J. R. Wimberley, notary public and ex off. J. P., were performed by him in the exercise of his authority and duty as a justice of the peace, when his court was in session, and done in open court, he having jurisdiction of the party, and there is and cannot be any liability on the part of the judge.

"(3) The acts complained of were judicial acts, as contradistinguished from ministerial acts, and the law holds the judge immune from damages.

"(4) An action in civil damages will not lie for acts done by a judge in his judicial capacity.

"(5) That at the time said plaintiff was arrested and imprisoned the defendant was a judicial officer, and was acting in his judicial capacity at the time said plaintiff was arrested and imprisoned.

"(6) It is not averred in the complaint wherein any of the conditions of the bond made by the defendant and his sureties have been breached, nor that J. R. Wimberley had failed to faithfully discharge the duties of his office."

This presents the question as to whether the judge of a court of inferior or limited jurisdiction is liable when he acts without a general jurisdiction of the subject-matter. In the case of Broom v. Douglass, 175 Ala. 272, 57 South. 862, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155, it is said in the opinion by Somerville, J.:

"The judge of a court of inferior or limited jurisdiction is liable when he acts without a general jurisdiction of the subject-matter, even though his act involves his decision, made in perfect good faith, that he has such jurisdiction."

In Lacey v. Hendricks, 164 Ala. 287, 51 South. 159, 137 Am. St. Rep. 45, the Supreme Court, in holding a count good charging false imprisonment, said:

"Moreover, even if no appeal had been taken, the justice was, on the 7th of October, without jurisdiction to sentence plaintiff to hard labor because he was in default of the payment of a fine assessed against him upon his conviction at a trial in the month of August. Ex parte State, in re Newton, 94 Ala. 431, 10 South. 549. Therefore the issuance of the mittimus based upon that sentence was an act without the power or jurisdiction of the justice, and without support or authority of the law."

It is admitted in the instant case that the justice was without jurisdiction to finally try and sentence the plaintiff for the crime with which he was charged, and therefore, acting without his jurisdiction as such justice, he caused the plaintiff to be imprisoned in the county jail. Being a court of inferior or limited jurisdiction, and acting without a general jurisdiction of the subject-matter, we are of the opinion that the complaint presents a good cause of action. Lacey v. Hendricks, 164 Ala. 287, 51 South. 157, 137 Am. St. Rep. 45; Broom v. Douglass et al., 175 Ala. 272, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; McIver v. McGilvary, 24 Com. Law. Times, Occ. N. 142, 11 R. C. L. 816; Maher v. Potter (Sup.) 112 N. Y. Supp. 102; 33 Ann. Cases, p. 1167, note.

It follows, therefore that the demurrer should have been overruled.