# CHARLESTON.

## WADKINS v. DIGMAN.

Submitted September 24, 1918.   Decided October 1, 1918.

1. CRIMINAL LAW—*Warrant—Validity.*

   A justice's warrant issued on the sworn complaint of a prosecuting witness, charging that the accused on a designated day within the year, ''did commit an offense by making threats and did strike at him with a broom,   *   *   *   *   *   and did attempt to hit him with a broom,'' and commanding the constable to whom it is addressed, in the name of the State of West Virginia, to apprehend the accused and bring him before him, in his district, to answer the complaint, is a valid warrant charging an assault. (p 624).

2. MALICIOUS PROSECUTION—*Evidence—Want of Probable Cause.*

   In an action for malicious prosecution, where defendant causes the arrest of plaintiff on a warrant issued by a justice of the peace, upon his complaint of an assault committed upon him, and it appears that the assault was justifiable for the purpose of expelling him from plaintiff's premises, want of probable cause for the arrest is thereby shown.   (p. 625).

3. SAME—*Malice—Evidence—"Legal Malice."*

   By legal malice, as applied in actions for malicious prosecution, is meant any sinister or improper motive other than a desire to punish the party who is alleged to have committed the offense. Where the chief purpose in causing an arrest is to obtain possession of personal property claimed by defendant, it is malicious. (p. 625).

4. NEW TRIAL—*Grounds.*

   A trial court is not warranted in setting aside the verdict and granting a new trial on the ground of after-discovered evidence, when such evidence is only intended to contradict or impeach the testimony of a witness, or when it is only cumulative, and not of such character as would be likely to produce a different result on another trial.   (p. 626).

Error to Circuit Court, Barbour County.

Action by Mary Wadkins against J. D. Digman.   Verdict for plaintiff, and from an order setting aside the verdict, and granting judgment for defendant, plaintiff brings error.

*Reversed, and judgment rendered.*

82 W. Va.

*J. Blackburn Ware* and *W. Bruce Talbott,* for plaintiff in error.

*Murphy & Brandon* and *Harry II. Byrer,* for defendant in error.

WILLIAMS, JUDGE:

By this writ of error, awarded on the application of plaintiff, Mary Wadkins, to a judgment of the circuit court of Barbour county, setting aside a verdict rendered in her favor, in an action for a malicious prosecution against the defendant J. D. Digman and granting him a new trial, plaintiff asks to have the order of the lower court reversed and judgment entered here upon the verdict.

Defendant's motion to set aside the verdict was based on the grounds of an alleged variance between the declaration and the proof, and after-discovered evidence. It does not appear from the order on what ground the court acted. It is, therefore, necessary to determine from the record whether any ground existed which would justify setting it aside.

First as to the alleged variance: Defendant's counsel insist that the warrant offered in evidence, on which plaintiff was arrested, is void as charging no offense, varies materially from the declaration, and is, therefore, fatal. Apparently there is a conflict in the authorities as to whether an arrest on a warrant, which is absolutely void for any reason, can be made the basis of an action for malicious prosecution. 18 R. C. L., Sec. 10, page 20. But this court has decided, in the third point of the syllabus in *Vinal* v. *Core,* 18 W. Va. 1, that the plaintiff must have been arrested upon a warrant not absolutely void. This question, however, does not arise and is not made a point of decision in this case, for the reason that the warrant in question was valid. Although not very artfully drawn, the warrant does sufficiently charge an offense  It charges, on complaint of the defendant, "that Mary Wadkins did commit an offense by making threats and did strike at him with a broom, in this that she the said Mary Wadkins on the 16th day of July, 1914, in said county did refuse to let him remove a calf off of the premises where she now lives and did make threats and did attempt to hit him

with a broom.'' The averment that she made threats, without stating the nature of the threats, would charge no offense, but the charge that she ''did strike at him with a broom,'' describes an assault, which is a violation of the law. *State* v. *Hatfield*, 48 W. Va. 561, and *State* v. *Terrall*, 79 W. Va. 358. There is, therefore, no variance between the warrant and the declaration.

Defendant insists that probable cause to believe plaintiff guilty of the assault charged existed, and is clearly proven. But the assault charged against plaintiff, if any, was against defendant and occurred under the following circumstances, according to defendant's own testimony. He claimed to have purchased a calf from plaintiff, or her son, and paid for it, and went to her house for the purpose of taking the calf away. She forbade him to remove it. Notwithstanding her protest, he entered her yard and tried to drive the calf out of the yard into the road. Plaintiff, who had a broom in her hand, then went out into the yard to stop him from driving the calf off, and ordered him to get off her premises, struck at him with the broom and threatened to shoot him if he didn't get off her place. She was justified in using only such reasonable force as was necessary to expel dependant from her premises. *State* v. *Flannagan*, 76 W. Va. 783. If defendant did not leave the premises when he was ordered to go, he thereafter became a trespasser and plaintiff was justified in using such reasonable force as was necessary to eject him. If she was guilty of using no unnecessary force or violence, she was acting within her rights, and, of course, committed no offense. All these transactions took place in defendant's presence and he was bound to know them, and in fact did know them, because he testified to them. He is likewise charged with a knowledge of the law and of plaintiff's dominion over her premises and her right to expel trespassers therefrom. Therefore, he must have known that the alleged assault with which he charged plaintiff was justifiable, and hence no violation of the law. It necessarily follows that defendant knew, at the time he caused plaintiff's arrest, no cause existed therefor.

Is there any evidence of malice? By legal malice is meant

some motive other than a desire to punish the party who is alleged to have committed an offense. If defendant's purpose was to get possession of the calf, by having plaintiff arrested, he was guilty of malice. *Vinal* v. *Core, supra,* (Syl. pt. 6), and *Felty* v. *Loan Co.,* 70 W. Va. 688. 690. When plaintiff was arrested and taken before the justice, she asked for a continuance for one day in order that she might get her witnesses and procure counsel to defend her. But the case was not further prosecuted. The justice testified that, after consulting with the prosecuting attorney and being advised by him, he dismissed the case; and thus ended the prosecution. Defendant makes the following statements in his testimony: "I didn't appear any more when I got my property. * * * * After I got my property I didn't have any more to do with (it)." On cross-examination, he was asked the following question: "Q. The purpose you had in view was to get your property? A. Yes, what other purpose would I had." The justice swears he told defendant, after he had advised with the prosecuting attorney with respect to the case, that the plaintiff was going to outswear him, and says that he replied, "she did actually strike at me with the broom, but I aint caring about that much, but what I want is my calf." The justice says he then entered in his docket "Warrant dismissed". This uncontradicted statement made to the justice coincides with defendant's own admission above quoted. There can be no doubt he was actuated by an improper motive in having plaintiff arrested. His real purpose was to get possession of the calf, a thing for which the law afforded him a civil remedy.

Defendant filed his own affidavit and the affidavits of two witnesses to prove that, after the verdict had been rendered, he had discovered evidence, which he had not been able to discover before that time by the exercise of reasonable diligence, and plaintiff's counsel, in their brief, say the court set aside the verdict for this reason, though it does not appear from the record for what cause it was set aside. However, the facts, appearing by these affidavits, do not justify setting aside the verdict. Affiant Ray Haller swears, that about one week after the trouble between plaintiff and defendant con-

cerning the calf, he met plaintiff in the road near her home and she told him about the trouble, and said: ." 'He come there to get the calf, and the damned old son of a bitch would have took the calf, and that she meant to kill him with the broom and struck at him with the broom. She notified him to get off and he did get off her place and if he had not left she would have killed him.' Affiant further says that he never told any one what he knew about this case until after the trial.'' This testimony relates to the same thing about which defendant and his brother had testified, and is of the same character as theirs, and is, therefore, only cumulative evidence. Moreover, it is only intended to contradict or impeach the testimony of plaintiff, and this court has frequently held that such evidence will not justify setting aside a verdict and awarding a new trial. *Gillilan* y. *Luddington,* 6 W. Va. 128; *Carder* v. *Bank of West Virginia,* 34 W. Va. 38; and *Warehouse Co.* v. *Pridemore,* 55 W. Va. 451. ''Such after-discovered evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point.'' *Halstead* v. *Horton,* 38 W. Va. 727; *Goshorn* v. *Wheeling Mold & Foundry Co.,* 65 W. Va. 250; *State* v. *Stover,* 66 W. Va. 198; *Butts* v. *Butts,* 81 W. Va. 55, 94 S. E. 360; *Phoenix Fire Ins. Co.* v. *Virginia-Western Power Co*, 81 W. Va. 298, 94 S. E. 372; and 20 R. C. L., Secs. 75, 76 and 77, under head of ''New Trial''.

Affiant Haven Yates swears he was at the mail box at the gate, near plaintiff's house when Digman was trying to drive the calf off the premises into the road and saw plaintiff ''scare the calf back, draw a broom over J. D. Digman and threaten to strike him with it, and she there said 'she would knock his damned brains out with it'.'' This evidence is of the same character and is subject to the same objection as that in the affidavit of Haller. Moreover, plaintiff files her own affidavit, denying that she had the alleged conversation with affiant Haller, or that she made use of any words of similar or like import. She swears she had no conversation with him concerning her trouble with Digman; and further

swears Haller is not friendly to her or her family and has not been friendly for a long time. It is, therefore, unnecessary to inquire whether defendant has shown due diligence to discover the aforesaid evidence.

In our view of the case it is immaterial whether plaintiff struck at defendant with the broom or not, for when she ordered him off her premises, it was his duty to go, and, if he refused to go and persisted in trying to take the calf, she was justified in striking at him with the broom in order to drive him out of her yard. Hence, according to his own testimony, he was bound to know there was no cause for his charging her with having committed an assault on him.

Defendant complains that certain instructions given at the request of plaintiff are erroneous, and that it was proper to set aside the verdict for that reason. We have carefully considered the instructions and hardly think it necessary to enter upon a lengthy discussion of them. They are in accordance with the law as herein stated. Defendant's own admission proves that he was actuated by an improper motive in procuring plaintiff's arrest. He had no right to cause plaintiff to be arrested in order to obtain possession of his property; such was a misuse and, therefore, an abuse of the state's process. If the plaintiff would not surrender possession of the calf, he had a civil remedy. Plaintiff's third instruction told the jury that if defendant was actuated "in whole or in part" by a desire to obtain possession of the calf, he was guilty of malice. This is the law. See authorities cited above. Independent of defendant's own admission of the improper use of the criminal writ, the jury could have inferred that malice existed, from proof of the want of probable cause. *Vinal* v. *Core, supra.*

Having reached the conclusion that there was not sufficient ground for setting aside the verdict, it is unnecessary to inquire whether the court erred in refusing to give certain instructions asked for by plaintiff and in giving certain others asked for by defendant. The court apparently gave all the instructions asked for by defendant; and plaintiff obtained a verdict in spite of the refusal of some of her in-

structions and, therefore, has no cause to complain of such refusal.

The judgment setting aside the verdict and awarding a new trial will be reversed, and judgment will be entered here for plaintiff upon the verdict, with costs.

*Reversed and judgment rendered.*