(82 South. 580)

## CANTER v. HARRIS. (6 Div. 375.)

(Court of Appeals of Alabama. Nov. 12, 1918. On Rehearing, June 17, 1919.)

JUDGES ⊙⟺36—LIABILITY—ISSUING WARRANT FOR ARREST.

An inferior court judge, who in good faith issued a warrant for arrest on an affidavit that affiant believed plaintiff had committed a certain misdemeanor, but not stating that such belief was based on probable cause, as required by Code 1907, § 6703, and after examination of affiant as to his knowledge of the offense charged, is not liable in damages to the arrested party, since he was exercising a judicial power which had been colorably invoked by the affidavit.

Appeal from City Court of Birmingham; W. W. Ferguson, Judge.

Action by Ida Belle Canter against F. O. Harris for damages for unlawfully issuing a warrant against plaintiff. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint alleges that the defendant was judge of the inferior court of Ensley, Jefferson county, Ala., a court created in lieu of justices of the peace in and for the precinct included within the jurisdiction of said court, and that, while acting under color of his office as judge of said court, the defendant unlawfully issued a warrant-

of arrest against the plaintiff on an alleged affidavit of using abusive language sworn to by one W. N. Posey, said warrant to be returnable to said judge of the inferior court of Ensley, and that thereby the defendant, acting under the color of his office as above stated, and without probable cause therefor, caused plaintiff to be arrested and to stand trial before defendant, as said judge, on said warrant, and that at said trial plaintiff was by the defendant, as said judge, adjudged to be guilty of said offense, and was fined $10 and costs; that plaintiff appealed to the criminal court of Jefferson county from the judgment rendered by defendant, and that before the institution of this suit the said prosecution against plaintiff was judicially terminated in said criminal court of Jefferson county, and the plaintiff herein discharged. The plaintiff avers that the unlawfulness of the issuance of said warrant consisted in this: The affidavit on which said warrant was based did not affirm that the affiant, said W. N. Posey, "had probable cause for believing" that plaintiff had committed said alleged offense, or anything that was equivalent to such affirmation, and that, in the absence of such affirmation, said affidavit did not authorize the issuance of said warrant as stated, and by said affidavit no jurisdiction was conferred on said defendant as judge of said court to subject plaintiff to arrest and the prosecution as stated for said alleged offense.

The affidavit alleged that affiant believes or has reason to believe that Mrs. Clay Canter, etc. The judgment was originally for the plaintiff in the sum of $500, but upon motion for new trial by defendant the same was set aside, and this appeal is from that order.

W. M. Woodall, of Birmingham, for appellant.

Fred G. Moore, of Birmingham, Charles W. Sanders, of Ensley, and Thomas J. Judge, of Birmingham, for appellee.

BROWN, P. J. It is not controverted that the inferior court of Ensley, of which the defendant was judge at the time of the act complained of, had jurisdiction concurrent with the circuit court of the offense denounced by section 6217 of the Code, the offense sought to be charged by the affidavit made before the defendant. Acts 1915, p. 825, § 2.

We have but to apply what was said in Broom v. Douglass, to determine that the affidavit in question was a "colorable invocation of jurisdiction," and it appearing without dispute that the defendant acted without corruption or bad faith, he is not liable.

"By a 'colorable cause,' or a 'colorable invocation of jurisdiction,' as applied to cases like the instant one, we understand and mean that some person, apparently qualified to do so, has appeared before the justice and made complaint under oath and in writing, stating at least some fact or facts which enter into and may, under some condition, or in co-operation with some other unstated fact or facts, constitute a criminal offense, or stating some fact or facts which bear some general similitude to a fact or facts designated by law as constituting an offense, in either case calling upon the justice to pass upon their sufficiency to elicit the process issued. * * * Applying, now, the rule of liability above stated to the facts in the present case, we are of opinion that the affidavit made before defendant as a justice of the peace, though wholly insufficient to charge any criminal offense, or to justify the issuance of a warrant of arrest, nevertheless was clearly an attempt to charge a threatened criminal trespass on affiant's land. And, stating facts which were elements of that offense, and of 'legal significance and value in its proof, a colorable case was presented which fairly invoked the justice's judgment as to their sufficiency for the purpose intended. The issuance of the warrant was therefore a judicial act, involving his inquiry and affirmative conclusion as to his power and authority to do so, for which he cannot be held liable, if he acted in good faith." Broom v. Douglass, 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; Blancett v. Wimberley, 16 Ala. App. 402, 78 South. 318.

On the facts presented by the record here, the defendant was entitled to the affirmative charge, and the court properly granted the motion for new trial.

Affirmed.

## On Rehearing.

Code 1907, § 6703, applicable to county courts and justices of the peace and courts of like jurisdiction, provides that:

"A party aggrieved, or desiring to bring a charge of misdemeanor before the county court, may apply to the judge thereof, or to some justice of the peace of the county, for a warrant of arrest, and, upon making an affidavit in writing that he has probable cause for believing, and does believe, that an offense (designating the misdemeanor by name, or by some other phrase which in common parlance designates it), has been committed in said county by C. D. (naming the offender) on the person (or property, as the case may be), of A. B. (naming the person injured), then the judge of said court, or justice of the peace, shall examine the affiant under oath, and other witnesses, if he so desires, touching the offense charged in the affidavit, and if the court or justice of the peace has probable cause for believing that the offense alleged in the affidavit has been committed, he shall issue his warrant of arrest."

The only matter required by the statute to be stated is the fact of affiant's belief that an offense has been committed, based on his stated conclusion that he has probable cause for so believing, together with a designation of the offense. The fact that quickens into exercise the power of the officer to determine whether or not a warrant should be

issued is the application therefor in the form of an affidavit in writing.

When such application is made, it becomes the duty of the judge or justice to pass upon the sufficiency of the affidavit and determine whether judicial power shall be exerted. In such case, if enough is stated in the affidavit to show that the offense sought to be charged is within the class over which the judge or justice has jurisdiction, he is not liable for error of judgment as to the sufficiency of the averments of the affidavit or proof made to authorize the issuance of a warrant, if, being a judge of inferior jurisdiction, he acts in good faith and without corruption. Broom v. Douglass, 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164, Ann. Cas. 1914C, 1155; Blancett v. Wimberley, 16 Ala. App. 402, 78 South. 381; 11 R. C. L. 813, § 26; note 67 Am. St. Rep. 422.

We take the following from Broom v. Douglass, supra:

"In Craig v. Burnett, 32 Ala. 728, the members of the town council of Cahaba were ex officio justices of the peace. Sitting as a town council, and not as magistrates, they convicted the plaintiff of an offense within their jurisdiction as magistrates, and ordered him to be imprisoned in default of payment of the fine. This judgment was, of course, fundamentally void, as was also the town clerk's warrant of arrest. Under this pseudo judgment, the mayor committed plaintiff to the custody of the town marshal, and he sued mayor, clerk, and marshal for the false imprisonment. There was here no judicial action, and liability attached as a matter of course. Comment is unnecessary; but the language of the opinion by Walker, J., is worthy of notice: 'If it appeared that the fact upon which the jurisdiction of the council over the matter of the imprisonment depended was *judicially* considered and adjudged by the council, then the defendants would not be liable for their mere error of judgment. Every judicial tribunal, invested with authority to be exercised in a certain contingency, has authority to inquire and ascertain whether the contingency has occurred. *Where jurisdiction depends upon the existence of a preliminary fact*, there is authority to decide whether that fact exists. A court is entitled to as full protection against an error of judgment in reference to the existence of the jurisdictional fact as in reference to the merits of the suit.' (Italics ours.) It will be noted, also, that no distinction is recognized between superior and inferior judges. The loose, if not inaccurate, treatment of this subject in some of the early cases is well illustrated by the citation of this case in support of the conclusion reached in Withers v. Coyles, supra [36 Ala. 320], with which it is evidently wholly inconsistent."

In this case the evidence shows without dispute that Posey appeared before the defendant as judge of the inferior court of Ensley and made the affidavit in question; that thereupon the defendant, as such judge, examined said Posey touching his knowledge of the offense sought to be charged, and, after hearing such examination and considering said affidavit, the defendant determined that a warrant should be issued, and thereupon issued the warrant for plaintiff's arrest. In passing upon the sufficiency of the affidavit and the testimony evoked by the examination of Posey, the defendant was clearly exercising judicial power, bringing the case within the spirit of the rule of immunity declared in Broom v. Douglass, supra, and authorities there cited.

Application overruled.