[Civil No. 2125.   Filed January 24, 1924.]

[222 Pac. 410.]

# DAVID T. GEORGE, Appellant, v. JOHN M. WILLIAMS, Appellee.

1. CRIMINAL LAW — COMPLAINT HELD INSUFFICIENT. — A complaint, charging commission of a misdemeanor by false personations, whereby plaintiff fraudulently obtained money, *held* insufficient

---

1. Effect of lack of jurisdiction of court in which malicious prosecution is begun upon right to maintain action therefor, note, 2 L. R. A. (N. S.) 1100. See, also, 18 R. C. L. 20. See 11 R. C. L. 857.

to charge the offense of obtaining money by false representations and pretenses (Pen. Code 1913, § 523), as leaving out knowledge and design and the identity of the person defrauded, or to show the jurisdiction of the justice of the peace as failing to state the amount of money involved, on which the grade of the offense depended.

2. MALICIOUS PROSECUTION—ACTION LIES THOUGH CRIMINAL COMPLAINT INSUFFICIENT.—Where it is shown that a prosecution was prompted by malice and was without probable cause and a colorable cause or colorable invocation of jurisdiction is shown, an action on the case for malicious prosecution will lie, though the alleged criminal complaint is insufficient to charge a crime.

APPEAL from a judgment of the Superior Court of the County of Yuma. Fred L. Ingraham, Judge. Judgment reversed with directions.

Mr. H. C. Kelly and Mr. Glenn Copple, for Appellant.

Mr. Thomas D. Molloy, for Appellee.

ROSS, J.—This is an appeal from an order sustaining a demurrer to the complaint, and from a judgment of dismissal.

The complaint charges that the defendant maliciously and without probable cause procured plaintiff to be arrested under a warrant issued out of the justice court of the fourth precinct of Yuma county, Arizona, on January 31, 1922, by charging that plaintiff, at said precinct, county and state, had on January 27, 1922, "committed a misdemeanor, to wit, false personations, as follows, to wit: Did then and there unlawfully, willfully obtain money fraudulently, and after obtaining the same, refusing to return same to party from whom obtained"; that a trial before

2. Malice and want of probable cause as element of action for false imprisonment, see notes in 12 **Am. Dec.** 265; 26 **Am. St. Rep.** 127; 21 Ann. Cas. 756; 19 **A. L. R.** 671. See, also, 18 **R. C. L.** 28, 33. See 16 **C. J.** 350, 351; 25 **C. J.** 625, 635; 26 **Cyc.** 11.

the justice court and a jury was had upon said charge, before the institution of this suit, and plaintiff had been acquitted and discharged.

The demurrer excepted to this complaint on the ground that the charge set out therein as the basis for issuing the warrant of arrest for plaintiff did not amount to a crime and was not therefore a malicious prosecution of plaintiff. There was also a general demurrer, but the only serious criticism of the complaint is the one pointed out by the special demurrer, and we shall direct what we have to say to that feature of the complaint only.

It is the contention of defendant that an action for damages for malicious prosecution will not lie where the facts charged by defendant against plaintiff are insufficient to constitute any offense known to the law. If he is right, then it follows the court's ruling on the special demurrer was also right. That the alleged criminal complaint falls far short of stating a crime must be admitted. It probably was an effort to charge the offense of obtaining money by false and fraudulent representations and pretenses, as defined in section 523 of the Penal Code; but, if so, it left out the ingredients of knowledge and design as also the identity of the person claimed to have been defrauded. It also fails to give the amount of money involved, and since its grade as a felony or misdemeanor depends upon that it fails to show the justice of the peace had jurisdiction. So the charge was not only lacking in substance, but there is a failure to show that the officer to whom it was addressed had power to try and determine the case. When such a state of facts is exhibited by a complaint the courts have differed as to whether the party should seek his remedy in trespass or in an action on the case for a malicious prosecution. 18 R. C. L. 20, § 10; *Wadkins* v. *Digman,* 82 W. Va. 623, 96 S. E. 1016; *Hotel Supply Co.* v. *Reid,* 16 Ala. App. 563, 80 South. 137. The conflict in the decisions arises not on a question of substantive law

fixing or denying liability, but on the question of the correct procedure; that is, as to whether the plaintiff should bring an action for false imprisonment or for malicious prosecution. In the last case cited above the court said:

"Where it is shown that a prosecution was prompted by malice and was without probable cause, and a 'colorable cause' or a 'colorable invocation of jurisdiction' is shown—and 'by a colorable cause or colorable invocation of jurisdiction,' as applied to cases like the instant one, we understand and mean that some person apparently qualified to do so has appeared before the justice and made his complaint under oath and in writing, stating at least some fact or facts which enter into and may under some conditions or in co-operation with some other unstated fact or facts constitute a criminal offense, or stating some fact or facts which bear some general similitude to a fact or facts designated by law as constituting an offense (*Broom* v. *Douglass,* 175 Ala. 268, 57 South. 860, 44 L. R. A. [N. S.] 164, Ann. Cas. 1914C, 1155; *Blancett* v. *Wimberley,* 16 Ala. App. 402, 78 South. 318; *Canter* v. *Harris,* 17 Ala. App. 132, 82 South. 580)—reason and the weight of authority sustain the rule that an action on the case for malicious prosecution will lie [citing cases]."

We are satisfied this is the best rule and the one followed by the greater number of the courts. It would serve no useful purpose to multiply the authorities or to enter upon a discussion as to why the rule here announced should be followed rather than the rule adopted in some other jurisdiction.

The court erred in sustaining the demurrer and in dismissing the complaint.

The judgment is therefore reversed and the cause remanded, for further proceedings in accordance herewith.

McALISTER, C. J., and LYMAN, J., concur.