189 P.2d 205

**STATE v. SMITH.**

No. 984.

Supreme Court of Arizona.

Jan. 19, 1948.

Charlie W. Clark and Marshall W. Haislip, both of Phoenix, for appellant.

Evo De Conini, Atty. Gen., and Perry M. Ling, Chief Asst. Atty. Gen., for appellee.

·LA PRADE, Justice.

The appellant, defendant below, was charged by information with the crime of "Felony leaving scene of accident committed as follows, to-wit: The said Chester T. E. Smith on or about the 10th day of October 1947, and before the filing of this information in and at the County of Coconino, State of Arizona, then and there being did, then and there wilfully, unlawfully and feloniously fail to stop and give his name and address, the names of the passengers in his vehicle, and the registration number of his vehicle to David Nunes, after the said Chester T. E. Smith had had a collision with a vehicle driven by the said David Nunes *approximately 7 miles in a westerly direction from the Town of Williams, Coconino County, Arizona;* the said Chester T. E. Smith was then and there the operator of a 1935 Ford truck;" (Emphasis supplied.)

■ Upon arraignment defendant entered a plea of guilty and was thereafter sentenced to an indeterminate term in the Arizona State Prison. From this judgment and sentence he has perfected an appeal to this court, assigning as error the fact that the information fails to state a public offense and that as a legal consequence the court was without jurisdiction to entertain the plea and render judgment. The information attempts to state an offense under the provisions of section 66-122, A.C. A.1939. This section is found in Chapter 66 relating to the use of motor vehicles and particularly under article 1 designated "Use of Highways by Vehicles." The pertinent portions of this section read as follows:

*"Duty to stop in event of accident—Penalty.*—The driver of any vehicle which collides with any person or *any vehicle upon the highways,* shall immediately stop, give his name and address, the names and addresses of all passengers, not exceeding five [5], in his vehicle and the registration number of his vehicle, to such person or to the occupants of the vehicle collided with, and shall immediately render reasonable assistance, including the carrying of such person to a. physician for treatment, if such treatment is required or if carrying is requested by the person struck or by any occupant of the vehicle collided with. * * * " (Emphasis supplied.)

An information is a formal accusation against a person charging that he has committed an illegal act which is denounced by the state as a crime. It must indicate the crime charged and must contain a statement of the essential elements of .the indicated crime. George v. Williams, 26 Ariz. 91, 222 P. 410; Elder v. United States, 9 Cir., 142 F.2d 199; Cochran v. United States, 157 U.S. 286, 290, 15 S.Ct. 286, .39. L.Ed. 704; United States v. Cruikshank, 92 U.S. 542, 545, 557, 23 L.Ed. 588; Woolley v.

378

United States, 9 Cir., 97 F.2d 258, 261. A comparable fact situation is set forth in the recent case of State v. Valdez, 51 N.M. 393, 185 P.2d 977, 978. There the court said: " * * * Where the challenge to the information is based upon an omission in the averments of an essential element of the crime, jurisdiction of the subject matter cannot be conferred by consent, as in this case by pleas of guilty, and hence objections to the jurisdiction may be made for the first time in the Supreme Court. State v. City of Albuquerque, 31 N.M. 576, 249 P. 242; State v. Diamond, 27 N.M. 477, 202 P. 988, 20 A.L.R. 1527; Sais v. City Electric Co., 26 N.M. 66, 188 P. 1110. See, also, 24 C.J.S., Criminal Law, § 1671 page 274, and cases cited."

In our case of Burris v. Davis, 46 Ariz. 127, 46 P.2d 1084, 1086, the defendant entered a plea of guilty in the justice court to a charge of driving an automobile while intoxicated. After being sentenced to the county jail he attempted to perfect an appeal to the superior court, which was refused. He then perfected an appeal to this court where judgment was reversed and the case remanded with instructions to permit him to perfect his appeal in the superior court notwithstanding the fact that a plea of guilty had been entered by defendant in the justice court. The identical question of law here presented was not before the court in that case; nevertheless, the following observation was made which we feel to be entirely applicable now: "It is urged that this rule will seriously impede or delay the orderly and speedy administration of justice both in the inferior and superior trial courts, because defendants who have pleaded guilty with the expectation of receiving a light sentence may, if they are dissatisfied with the judgment of the court, have the case again heard upon its merits. So far as an appeal from the superior court to the Supreme Court is concerned, such a condition cannot arise. This court does not try a case de novo, but merely reviews the proceedings in the superior court for errors of law. Upon an appeal after a plea of guilty in such court, obviously no questions as to the sufficiency of the evidence, or errors in the manner of trial can be raised, the only question which this court can consider under such circumstances being jurisdictional ones, and *if there be a question of lack of jurisdiction,* it is but justice that this court should have the right to review the issue, notwithstanding a plea of guilty was entered. * * *" (Emphasis supplied.)

The Constitution of this state, section 30, article 2, provides that "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; * * *."

In construing this constitutional provision it was pointed out in Kingsbury v. State, 28 Ariz. 86, 235 P. 140, 143: " * * a prosecution without information or indictment, or a prosecution on a paper stat-

ing no public offense, will be presumed to be prejudicial. * * * "

In Borderland Const. Co. v. State of Arizona, 49 Ariz. 523, 68 P.2d 207, 208, we said "if an information does not allege a public offense advantage may be taken thereof at any time."

We must conclude that it is the settled law of this state that in a criminal case the court acquires no jurisdiction of the subject matter of an alleged offense unless the jurisdictional facts constituting the offense are set forth in the information, and that where the court is without jurisdiction of the subject matter a judgment of conviction will be reversed in this court even on plea of guilty, for jurisdiction cannot be conferred by consent.

With these principles of law to guide us we shall now analyze the information. The acts denounced as criminal are purely statutory. They relate to the driver of vehicle which collides with any person or any vehicle upon the public highways. The act is clearly regulatory and enacted under the police power for the protection of travelers upon the public highways of the state. The information in the instant case charges that defendant failed to stop and give his name and address, etc., after he "had had a collision with a vehicle driven by the said David Nunes approximately 7 miles in a westerly direction from the town of Williams, Coconino County, Arizona." The information does not disclose that the accident happened on a highway; so far as any facts divulged by the information, the collision may have happened in a potato field.

The acts denounced by the statute are failure: to stop; to give name and address of driver and passengers; to give registration number of vehicle; to render assistance, *when* and *after* a collision with any person or vehicle *upon the public highways*. The omission of the allegation that these acts occurred in the use of the public highways is a matter of substance and not a defect or imperfection of form only. The information wholly fails to state an offense. The attorney general has commendably filed a confession of error upon the grounds and for the reasons above set forth. If defendant is to be prosecuted it must be upon an information which states a public offense within the statute, and the state is not precluded from proceeding anew.

The record here discloses matter which we feel requires the consideration of this court, that is, the modus operandi by which this defendant found himself sentenced to imprisonment. The procedure followed is not without precedent in many of our counties, and it is for this reason that we feel constrained to offer some suggestions that if followed will be conducive to a more orderly and judicial procedure. Inordinate haste led to the errors complained of and failure to comply with other procedural requirements. This disregard of certain pro-

cedural requirements, while not prejudicial error, nevertheless could result in injustice to defendant. That haste led to errors is demonstrated by the fact that the complaint in the justice court contained the essential allegation that the collision occurred on a public highway. At no state of the proceedings hereinafter referred to was defendant represented by counsel. The order of the justice of the peace in holding defendant to answer does not disclose that a preliminary examination was waived. It merely indicates that no witnesses were examined; the exact wording is "Witnesses Examined—Waived." The endorsement of the clerk of the superior court shows that the information was filed at 11:50 a.m. on the same morning the complaint was filed in the justice court and presumably within a few minutes after the order had been made holding defendant to answer. Shortly thereafter, on the same day (exact time not disclosed by record), the following proceedings were had:

"October 11, 1947

"Comes now the State by Neil V. Christensen, Deputy County Attorney, and the defendant in person in the custody of the Sheriff. Defendant, upon interrogation by the Court states he does not desire the services of an attorney. The information is read by the Clerk to which information defendant enters his plea of Guilty. Defendant waives the statutory time for the passing of sentence. Thereupon, It Is Ordered that the defendant be punished by imprisonment in the State Prison for a term of not less than one year nor more than one year and three months to date from this date. Defendant is remanded to the custody of the Sheriff to be delivered by him to the proper officers of the State Prison for imprisonment in accordance herewith.

"H. L. Russell
"Judge"

■ What is the duty of the court where the defendant, not represented by counsel upon arraignment, indicates a desire to enter a plea of guilty? Section 44-1020 defines the duty of the court and what shall be done under such circumstances. It reads: "Where the defendant is not represented by counsel the court shall not accept a plea of guilty until it shall have explained to the defendant the consequences of such plea; but a failure of the court to explain the consequences of the plea shall not affect the validity of any proceeding in the cause."

The record on its face does not disclose that defendant was informed of the consequences of his plea of guilty. Regardless of the fact that the rule seems to indicate that failure of the court to explain the consequences of the plea shall not affect the validity of any proceedings in the cause, it is apparent that the rule contemplates that a defendant appearing without counsel to answer a felony charge shall be apprised of the consequences of a plea of guilty. The rules of criminal procedure considered together indicate that there should be deliberate and considered action at all stages of the proceedings.

Section 44-1025 provides that on a plea of guilty the court may hear witnesses to determine what punishment shall be imposed.

Section 44-2204 provides, in part, that " * * * if the defendant is convicted judgment shall not be rendered until three [3] days after such conviction and only after the overruling of any motion for a new trial or in arrest of judgment. If the defendant expressly waives his right to move in arrest of judgment and for a new trial judgment may be rendered immediately."

Section 44-2229 authorizes the court upon oral suggestion of either party that there are certain circumstances in aggravation or mitigation of the punishment to consider the same. Before sentencing any defendant the court of its own violation in the exercise of a sound, legal discretion should inquire into all the facts and circumstances surrounding the alleged offense. Inquiry should be made into defendant's moral character, antecedents, and associations to the end that the court may be informed as to the previous good character of defendant or his inclination to engage in criminal or antisocial conduct and activities. State v. Levice, 59 Ariz. 472, 130 P.2d 53. It is true that defendant may object to appointment of counsel and may waive his right to move in arrest of judgment and for a new trial, and that "Neither a failure to arraign nor an irregularity in the arraignment shall affect the validity of any proceeding in the cause if the defendant pleads to the indictment or information or proceeds to trial without objecting to such failure or irregulatity [irregularity]." 44-908, A.C.A.1939, but judiciousness would seem to indicate that no court can do justice to the individual and to the integrity and majesty of the law where it proceeds with unseemly haste to dispose of a criminal case and summarily orders a man's incarceration in prison. Such proceedings should be judiciously conducted to the end that a court of justice is one in fact as well as in name. This defendant was complained against in the justice court, held to answer, informed against, adjudged guilty, and sentenced to prison apparently without due consideration of the rights and duties involved.

The judgment is reversed on account of the insufficient information and the case remanded to the superior court of Coconino County for proceedings not inconsistent with this opinion.

STANFORD, C. J., and UDALL, J., concur.