734 P.2d 1047

**STATE of Arizona, Appellee,**

v.

**Robert BUCKLEY, aka Robert Buckman, Appellant.**

**No. 1 CA–CR 10136.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 5, 1987.

Review Denied April 8, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., and Greg McCarthy, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

## OPINION

MEYERSON, Presiding Judge.

The issues raised in this appeal are whether (1) the state's failure to file a formal information charging appellant with a crime voids his subsequent conviction and sentence which were based on his guilty plea, and (2) appellant may raise the issue of lack of subject matter jurisdiction for the first time on appeal from his revocation of probation.

A complaint was filed against appellant in justice court on July 17, 1985, charging him with robbery, a class 4 felony. Appellant waived his preliminary hearing and was bound over to the Maricopa County Superior Court. Appellant signed a written plea agreement on August 20, 1985, in which he pleaded guilty to the charge in exchange for a suspended sentence and a probation term of four years on the condition that he serve six months in jail. The record indicates that no document entitled "Information" was filed in this matter.

Appellant's probation officer filed a petition to revoke probation on February 27, 1986, alleging that appellant had committed the crime of driving while intoxicated, had driven with a suspended license, and had consumed alcoholic beverages, all in violation of his probation. Appellant denied the violations. The trial judge found that appellant had consumed alcoholic beverages, but had not committed the other two violations. On April 16, 1986, the court imposed a five year aggravated sentence on appellant, and ordered that he make restitution in the amount of $7,473. Appellant appeals from his revocation of probation solely on the ground that the trial court lacked subject matter jurisdiction to convict and sentence him because no information was ever filed. He argues that because his conviction was void, his revocation of probation was improper.

## I. WAIVER OF OBJECTION

The state first argues that appellant waived his objection to the lack of an information by failing to file a motion to dismiss in superior court.

> The court, on motion of the defendant, shall order that a prosecution be dismissed upon finding that the indictment, information, or complaint is insufficient as a matter of law.

Rule 16.5(b), Arizona Rules of Criminal Procedure. Courts applying Rule 16.5 have concluded that when a defendant fails to move to dismiss the information for insufficiency, he is precluded from raising the issue on appeal, pursuant to the terms of Rule 13.5(c). *State v. Bailey*, 125 Ariz. 263, 609 P.2d 78 (App.1980). Rule 13.5(c) states that "[n]o issue concerning a defect in the charging document shall be raised other than by a motion filed in accordance with Rule 16." In one case arising under these rules, the Arizona Supreme Court precluded a defendant from asserting on appeal a procedural error by which he was

allowed to plead guilty before an amended information was filed. *State v. Rogers,* 113 Ariz. 6, 545 P.2d 930 (1976).

■ We find that the state's reliance on these rules and case law is misplaced. Rule 16.5 and Rule 13.5 apply only in situations where an information has already been filed, thereby conferring subject matter jurisdiction matter on the court. An attack on an already filed information is made on the basis of its insufficiency or on a technical defect in its contents, and is not based on the lack of the court's subject matter jurisdiction. Here, appellant claims that no information was ever filed, and he thus has challenged the subject matter jurisdiction of the court, rather than the sufficiency of or a defect in the information. Additionally, although Rule 13.1 provides that failure to file a timely information is grounds for dismissal of the prosecution, this rule also does not preclude a defendant from raising the defense of lack of subject matter jurisdiction matter at any other time in the proceedings.

■ The Arizona Constitution requires that "[n]o person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment." Ariz.Const. art. 2 § 30. The filing of an information is required to confer subject matter jurisdiction on the court in rendering a criminal conviction even under a guilty plea. *State v. Smith,* 66 Ariz. 376, 189 P.2d 205 (1948). Subject matter jurisdiction is never waived and may be raised at any time, including on appeal. *State v. Municipal Court,* 124 Ariz. 543, 606 P.2d 33 (App.1979); *Bruce v. State,* 126 Ariz. 271, 614 P.2d 813 (1980). Based on this established body of law, we hold that appellant did not waive his objection to the lack of an information by not moving for a dismissal in the trial court, nor did he waive his defense of lack of subject matter jurisdiction by pleading guilty.

## II. APPEAL FROM PROBATION REVOCATION

■ Next, the state argues that this issue is not properly raised in an appeal from probation revocation because appellant could have raised this defense in a direct appeal from his conviction. The state relies on case law holding that a defendant may not constitutionally challenge his conviction for the first time in the context of an appeal from a revocation of his probation. *See Herrera v. State,* 121 Ariz. 12, 588 P.2d 305 (1978). In *Herrera,* however, the court inferred a knowing waiver of defendant's right to appeal from his failure to file a timely notice of appeal. Again, we distinguish the present case from those in which a defendant may voluntarily waive a right; here, the subject matter jurisdiction of the court is involved, and subject matter jurisdiction may not be waived by consent or acquiescence of the defendant. *State v. Smith,* 66 Ariz. at 379, 189 P.2d at 208.

## III. EXISTENCE OF THE INFORMATION

■ Third, the state argues that even on the merits, the failure to file an information is not fatal to appellant's conviction because the purposes of the information were met—appellant was given adequate notice of the charges against him in order to enable him to prepare a defense, and the record in this case protects appellant against any future double jeopardy issue. *See State v. Self,* 135 Ariz. 374, 661 P.2d 224 (1983); Rule 13.2. In *Self,* the court found that because the defendant had notice of the nature of the offense throughout the proceedings, he was not prejudiced in any way by the state's amendment of the information at the closing of the trial. 135 Ariz. at 380, 661 P.2d at 230. Again, we must distinguish those cases in which an information is first filed and then challenged from this case in which it is clear that no information was ever filed, thus raising the question of the court's jurisdiction.

Examining the record as a whole, however, we find that the state's third argument has merit, but in a different context. A thorough review of the record indicates that because the equivalent of an information was filed, the court had subject matter

jurisdiction to convict and sentence appellant.

An information is defined as "a written document charging the commission of a public offense, signed, and presented to the court by the prosecutor." Rule 13.1. Arizona courts have required that the information indicate "the crime charged and must contain a statement of the essential elements of the indicated crime." *State v. Smith,* 66 Ariz. at 377, 189 P.2d at 206. The purpose of an information is twofold: to give notice to the defendant of the charges against him so that he may prepare a defense, and to protect him against future double jeopardy issues. *State v. Self,* 135 Ariz. at 380, 661 P.2d at 230.

The complaint, filed July 26, 1986, clearly states the nature and elements of the crime with which appellant was charged. The appellant signed a waiver of preliminary hearing, dated July 26, 1985, in which he stated that he understood the charges against him and their consequences. Most significantly, the plea agreement, filed August 20, 1985, states the charges against the appellant, sets forth the range of sentencing that could be imposed, and provides that its terms "amend the complaint or information, to charge the offense to which the defendant pleads, without the filing of any additional pleading." The clear intent of this wording in the plea agreement is to conform any previously filed documents to the terms of the plea and to cure any defects in the charging documents. The plea agreement thus becomes the charging document, containing the elements required in the information. We hold that the existence of these documents in the record meets the requirements of an information for the purpose of conferring subject matter jurisdiction upon the trial court.

We note that appellant has not alleged that he lacked notice of the charges against him. The complaint and plea agreement clearly state the nature of his crime. We see no danger of appellant facing a double jeopardy issue in the future in view of the specificity of the charging documents in the record. Thus, the existence of the charging documents, taken as a whole, clearly meets the purposes of the requirement that an information be filed.

Although we find the existence of an information based on the total record in this case, we do not mean to approve the practice of neglecting to file the proper documents with the court. We agree with the statement of the Arizona Supreme Court in *State v. Rogers,* that the better practice would be to file a formal information, and then take the guilty plea. 113 Ariz. at 8, 545 P.2d at 932. We find, however, that the failure of the parties to follow that procedure in this case is no more than a technical error. Appellant was represented by appointed counsel throughout the proceedings, and could have raised his objection to any technical defect in the plea agreement as a charging document by filing a motion to dismiss the prosecution under Rule 16.5. We hold that the trial court had subject matter jurisdiction of the original charge and then properly revoked appellant's probation.

Affirmed.

SHELLEY and JACOBSON, JJ., concur.