219 P.3d 1050

STATE of Arizona, Appellee,

v.

Frank R. MALDONADO, Appellant.

No. 1 CA–CR 07–0837.

Court of Appeals of Arizona,
Division 1, Department D.

May 12, 2009.

Terry Goddard, Attorney General, By Kent E. Cattani, Chief Counsel, Criminal Appeals Section/Capital Litigation Section and Jessica L. Quickle, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender, By Karen M.V. Noble, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

SWANN, Judge.

¶ 1 Frank R. Maldonado ("Defendant") appeals from his conviction and sentence for Possession of Narcotic Drugs with Two or More Prior Felony Convictions, a class four felony, pursuant to Arizona Revised Statutes ("A.R.S.") § 13–3408. Defendant contends that because the only information in the court's file was dated and filed after he was convicted and sentenced, the court lacked subject matter jurisdiction and he is entitled to reversal. For the reasons that follow, we conclude that the court had subject matter jurisdiction and affirm.

## FACTS [1] AND PROCEDURAL HISTORY

¶ 2 On December 8, 2006, the State filed a direct complaint, charging: "[I]n Maricopa

---

1. "We view the evidence in the light most favorable to sustaining the verdict[ ] and resolve all inferences against [Defendant]." *State v. Nihiser,* 191 Ariz. 199, 201, 953 P.2d 1252, 1254 (App.

County, Arizona, Frank R. Maldonado, on or about the 25th day of April, 2006, knowingly possessed or used cocaine base of hydrolyzed (crack) cocaine, a narcotic drug, in violation of … A.R.S. § 13–3408."

¶ 3 A preliminary hearing, at which Defendant was present and represented by counsel, was held on January 12, 2007. At the hearing, the State produced the testimony of one of the police officers involved in Defendant's arrest, and defense counsel conducted cross-examination. After considering the testimony, the court found probable cause to hold Defendant to stand trial on the charge set forth in the complaint. Defendant was then arraigned, and entered a plea of not guilty. In its minute entry for the preliminary hearing and arraignment, the court noted: "Filed: Information."

¶ 4 Trial commenced on June 19, 2007. After the jury was empanelled and sworn, the court instructed the clerk to "read the charges." The court's minute entry notes that the charge read was from the information. In pertinent part, the language read to the jury mirrored exactly the language of the complaint, except that the charging date was read as June 19, 2007, the date of trial. Defendant raised no objection to the reading of the charge.

¶ 5 On June 25, 2007, the jury found Defendant guilty of Possession or Use of Narcotic Drugs. On September 13, 2007, the court found Defendant guilty of Possession or Use of Narcotic Drugs with Two or More Prior Felony Convictions, and sentenced him to an exceptionally mitigated term of six years of imprisonment.

¶ 6 Defendant timely appealed. On June 20, 2008, Defendant's appellate counsel informed this court that the information was not included in the record on appeal and could not be located in the superior court's electronic court record. Counsel moved to supplement the record with the information. We granted the motion and extended the deadline for filing the Opening Brief to August 14, 2008. The Opening Brief was filed on July 22, 2008.

¶ 7 On August 26, 2008, an information was filed with the superior court, and three days later it was filed with this court. The language of the filed information contains exactly the language of the complaint and the charge read at trial, except that it recites a charging date of August 26, 2008.

¶ 8 We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001), and –4033(A)(1) (Supp.2008).

## STANDARD OF REVIEW

█ ¶ 9 This appeal raises a question of subject matter jurisdiction, which we review *de novo*. *State v. Flores*, 218 Ariz. 407, 410, ¶ 6, 188 P.3d 706, 709 (App.2008) (citing *State v. Sorkhabi*, 202 Ariz. 450, 452, ¶ 5, 46 P.3d 1071, 1073 (App.2002); *In re Marriage of Crawford*, 180 Ariz. 324, 326, 884 P.2d 210, 212 (App.1994)). Defects in subject matter jurisdiction cannot be waived and may be contested at any time, including on appeal. *State v. Buckley*, 153 Ariz. 91, 93, 734 P.2d 1047, 1049 (App.1987) (citing *State v. Municipal Court*, 124 Ariz. 543, 606 P.2d 33 (App. 1979); *Bruce v. State*, 126 Ariz. 271, 614 P.2d 813 (1980)).

## DISCUSSION

¶ 10 Article 2, Section 30 of the Arizona Constitution provides: "No person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment; no person shall be prosecuted for felony by information without having had a preliminary examination before a magistrate or having waived such preliminary examination." An information is "a written statement charging the commission of a public offense, signed and presented to the court by the prosecutor." Ariz. R.Crim. P. 13.1(b). It must contain a "plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged," and must also "state for each count the official or customary citation of the … provision of law which the defendant is alleged to have violated." Ariz. R.Crim. P. 13.2(a)-(b).

1997) (citing *State v. Atwood*, 171 Ariz. 576, 832 P.2d 593 (1992)).

¶ 11 The information must be filed in the superior court within ten days of a determination of probable cause or the defendant's waiver of a preliminary hearing. Ariz. R.Crim. P. 13.1(c). If it is not timely filed, the case may be dismissed without prejudice upon the defendant's motion. *Id.* But it is well settled that the defendant may waive his right to pursue such a motion to dismiss. *State v. Sheppard,* 2 Ariz.App. 242, 244, 407 P.2d 783, 785 (1965). The *timeliness* of the information, therefore, is a procedural requirement and an untimely information does not itself defeat jurisdiction.

¶ 12 In *State v. Smith,* the Arizona Supreme Court held that an information "must indicate the crime charged and must contain a statement of the essential elements of the indicated crime." 66 Ariz. 376, 377, 189 P.2d 205, 206 (1948) (citing *Cochran v. United States,* 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704 (1895); *United States v. Cruikshank,* 92 U.S. 542, 545, 23 L.Ed. 588 (1875); *Elder v. United States,* 142 F.2d 199 (9th Cir.1944); *Woolley v. United States,* 97 F.2d 258 (9th Cir.1938); *George v. Williams,* 26 Ariz. 91, 222 P. 410 (1924)). Absent a proper information, the court does not acquire subject matter jurisdiction and any conviction must be reversed. *Id.* at 379, 189 P.2d at 207; *see also State v. Fuentes,* 12 Ariz.App. 48, 49, 467 P.2d 760, 761 (1970) ("The filing of an information is essential in order to confer jurisdiction on the court, and a failure to file a valid information requires reversal. . . ."). But a technical defect in an information may be corrected upon timely motion, and the lack of a timely correction does not automatically destroy subject matter jurisdiction. *See State v. Branham,* 4 Ariz.App. 185, 188, 418 P.2d 615, 618 (1966).

¶ 13 Since *Smith,* we have recognized that other documents may satisfy the information requirement and confer subject matter jurisdiction on the court. In *Buckley,* no information was filed.[2] 153 Ariz. at 93, 734 P.2d at 1048. But the record contained both a complaint clearly stating the nature and elements of the offense with which the defendant was charged, and a signed plea agreement which

by its terms amended and superseded any prior charging documents. *Id.* at 94, 734 P.2d at 1050. No preliminary hearing was held in *Buckley* because the defendant had waived his right to such a hearing. *Id.* Though we recognized the general rule that the filing of an information is required to confer subject matter jurisdiction, we held that the other filed documents, taken together, satisfied the purposes of the information requirement. *Id.* (citing *State v. Rogers,* 113 Ariz. 6, 545 P.2d 930 (1976)). The defendant did not allege lack of notice, and the complaint and plea agreement clearly stated the nature of the offense charged. *Id.* The complaint and plea agreement therefore gave the defendant notice of, and sufficiently protected him from double jeopardy for, the charges to which he pled guilty and for which he was sentenced. *Id.* Accordingly, we held that any error was technical only, and that the documents of record cumulatively constituted the equivalent of an information and conferred subject matter jurisdiction on the superior court. *Id.* This approach comports with Article 6, Section 27 of the Arizona Constitution, which provides: "No cause shall be reversed for technical error in pleadings or proceedings when upon the whole case it shall appear that substantial justice has been done."

¶ 14 Here, the State contends that the record contains ample circumstantial evidence to prove that an information was timely filed, and that the absence of the information from the record is necessarily due to a clerical error for which the State bears no responsibility. In support of its argument, the State points to the January 12, 2007 minute entry of the preliminary hearing, which notes that an information was filed, and to the June 19, 2007 minute entry and transcript, which reflect that on the first day of trial the clerk read an information (without objection) to the jury. As plausible as the State's explanation may be, we have no means of determining with certainty that a formal information was timely filed, and therefore do not decide the case on this ground.

---

**2.** Here, by contrast, the record contains numerous references to an information, though the actual document was never entered in the docket before this appeal.

¶ 15 Rather, we conclude that the rationale in *Buckley* supports affirmance on this record. Like the defendant in *Buckley*, Defendant does not contend that he lacked notice of the charge against him or that he was deprived of the opportunity to prepare a defense. Moreover, the facts affirmatively demonstrate that Defendant was provided adequate notice of the charge against him, and that the charge was sufficiently stated in the complaint, preliminary hearing and at trial to confer jurisdiction.

¶ 16 The record in this case is far from ideal. We do not by this decision diminish the importance of the information requirement or approve any practice that shortcuts the procedural requirements set forth in the rules. But to the extent a procedural defect actually existed in this case, we are convinced that it was not jurisdictional and did not prejudice Defendant's rights.

## CONCLUSION

¶ 17 For the foregoing reasons, we affirm.

CONCURRING: PATRICIA A. OROZCO, Presiding Judge, and PATRICK IRVINE, Judge.