SUPREME COURT OF ARIZONA
En Banc

STATE OF ARIZONA,                  ) Arizona Supreme Court
                                   ) No. CR-09-0179-PR
                    Appellee,      )
                                   )
                                   ) Court of Appeals
            v.                     ) Division One
                                   ) No. 1 CA-CR 07-0837
FRANK R. MALDONADO,                )
                                   )
                                   ) Maricopa County
                   Appellant.      ) Superior Court
                                   ) No. CR2006-174875-001 SE
                                   )
                                   )
                                   ) **O P I N I O N**
_____)

Appeal from the Superior Court in Maricopa County
The Honorable Paul J. McMurdie, Judge

**AFFIRMED**
_____

Opinion of the Court of Appeals, Division One
223 Ariz. 121, 219 P.3d 1050 (App. 2009)

**VACATED**
_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                Phoenix
     By   Kent E. Cattani, Chief Counsel
          Capital Litigation Section
          Michael T. O'Toole, Assistant Attorney General
Attorneys for State of Arizona

JAMES J. HAAS, MARICOPA COUNTY PUBLIC DEFENDER          Phoenix
     By   Karen M. Noble, Deputy Public Defender
Attorneys for Frank R. Maldonado
_____

**B A L E S**, Justice

¶1      We  hold  that  the  State's  failure  to  file  an
information before trial did not deprive the superior court of
subject matter jurisdiction or constitute fundamental error.

¶2      Frank R. Maldonado was charged by direct complaint with possession of cocaine. After a preliminary hearing, the superior court found probable cause to hold him for trial. That day, Maldonado was arraigned and the court entered his not guilty plea. A minute entry for this hearing indicates that an information was filed, but the hearing transcript does not refer to an information. The State later filed three pleadings that each purported to amend the information to allege prior convictions for sentencing purposes.

¶3      The case proceeded to trial. The trial transcript and a corresponding minute entry reflect that the court clerk read the charge to the jury from the information. The jury returned a guilty verdict and the superior court sentenced Maldonado to a term of imprisonment. In preparing an appeal, Maldonado's counsel reviewed the record and could not find a copy of the information in any court file. On motion of Maldonado's counsel, the court of appeals granted leave to supplement the record to include the information. The State then filed an information with the superior court and a copy with the court of appeals. This information tracked the charge in the complaint and the information read to the jury, but was dated the same date it was filed, some thirteen months after Maldonado's trial.

¶4      On appeal, Maldonado argued that the superior court

lacked subject matter jurisdiction because the information was not filed until after he was tried, convicted, and sentenced. He relied on this Court's statement in *State v. Smith* that "in a criminal case the court acquires no jurisdiction of the subject matter of an alleged offense unless the jurisdictional facts constituting the offense are set forth in the information." 66 Ariz. 376, 379, 189 P.2d 205, 207 (1948).

¶5 The court of appeals distinguished *Smith* and affirmed Maldonado's conviction and sentence. *State v. Maldonado*, 223 Ariz. 123 ¶¶ 12-13, 17, 219 P.3d 1052 (App. 2009). Citing *State v. Buckley*, 153 Ariz. 91, 734 P.2d 1047 (App. 1987), the court said that other documents may constitute the equivalent of an information and thus confer subject matter jurisdiction on the superior court. The facts here, the court observed, "affirmatively demonstrate that [Maldonado] was provided adequate notice of the charge against him, and that the charge was sufficiently stated in the complaint, preliminary hearing and at trial to confer jurisdiction." *Id*. at ¶ 15, 219 P.3d at 1053. To the extent "a procedural defect actually existed," the court concluded that it was "not jurisdictional and did not prejudice [Maldonado's] rights." *Id*. at ¶ 16, 219 P.3d at 1053.

¶6 We granted Maldonado's petition for review to consider whether the State's failure to file an information until after trial affected the subject matter jurisdiction of the superior

3

court.  Our jurisdiction is based on Article 6, Section 5(3) of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-120.24 (2003).

## II.

## A.

¶7       Article 2, Section 30 of the Arizona Constitution provides that "[n]o person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment."  A felony prosecution may commence by an indictment, which reflects a grand jury's finding of probable cause to support the charged offense, or by the filing of a complaint.  A defendant charged by complaint is entitled to a preliminary examination at which a court determines whether probable cause exists.  *Id.*  If the court finds probable cause (or if the defendant waives the preliminary examination), the state is required to file an information within the next ten days.  Ariz. R. Crim. P. 13.1(c).

¶8       An information is "a written statement charging the commission of a public offense, signed and presented to the court by the prosecutor."  *Id.* 13.1(b).  The information, like an indictment, must contain a "plain, concise statement of the facts sufficiently definite to inform the defendant of the offense charged," and must also "state for each count the official or customary citation of the . . . provision of law

4

which the defendant is alleged to have violated." *Id*. 13.2(a)-(b).

¶9  If the state does not timely file an information, the defendant may move for the dismissal of the prosecution without prejudice. *See id.* 13.1(c). Such motions must be made no later than twenty days before trial, *id*. 16.1(b), and an untimely motion is generally precluded unless its basis could not be identified earlier through reasonable diligence. *Id*. 16.1(c).

¶10  We assume for purposes of this case that the State did not file an information within ten days after the superior court found probable cause to hold Maldonado for trial. We also assume that counsel for both the State and Maldonado were unaware that the information had not been filed, inasmuch as the superior court's minute entry indicated that an information had been filed and the jury was later read the charge from an information. The information, we presume, was actually filed only after defense counsel noted its omission from the record on appeal.

¶11  Maldonado contends that the State's failure to file the information before trial requires reversal of his conviction and sentence. Relying on *Smith*, Maldonado argues that Article 2, Section 30 of Arizona's Constitution limits the subject matter jurisdiction of the superior court by barring felony prosecutions unless an indictment or information has been filed.

¶12     In *Smith*, a defendant pleaded guilty upon his arraignment to an information charging him with leaving the scene of a motor vehicle accident. 66 Ariz. at 377, 189 P.2d at 206. This Court reversed the conviction and sentence because the information failed to allege that the accident occurred on a public highway, an element of the offense. *Id*. at 381, 189 P.2d at 209. *Smith* quoted Article 2, Section 30 and observed that "unless the jurisdictional facts constituting the offense are set forth in the information," the superior court does not acquire subject matter jurisdiction. *Id*. at 378-79, 189 P.2d at 207.

**B.**

¶13     Although the language in *Smith* supports Maldonado's challenge to his conviction, we reject its suggestion that a defective information (or the failure to file an information) in itself deprives a court of subject matter jurisdiction over further proceedings in a criminal case.

¶14     In current usage, the phrase "subject matter jurisdiction" refers to a court's statutory or constitutional power to hear and determine a particular type of case. *See United States v. Cotton*, 535 U.S. 625, 630 (2002); *First Nat'l Bank & Trust Co. v. Pomona Mach. Co.*, 107 Ariz. 286, 288, 486 P.2d 184, 186 (1971) (in division); Restatement (Second) of Judgments § 11 (1982) (defining subject matter jurisdiction as a

court's "authority to adjudicate the type of controversy involved in the action"). Jurisdiction in this sense cannot be conferred by the consent of the parties and a court that lacks subject matter jurisdiction cannot adjudicate the action.

¶15    *Smith*, however, employed a more expansive concept of "subject matter jurisdiction." The superior court in *Smith* clearly had the power to adjudicate the felony described in the complaint. Indeed, *Smith* implicitly acknowledged as much, noting that, after the reversal of the conviction, the state could proceed anew against the defendant by filing a legally sufficient information. 66 Ariz. at 379, 189 P.2d at 207. *Smith*'s remarks about jurisdiction must have referred instead to the superior court's inability to enter a valid judgment of conviction based upon a defective information. But concluding that a court cannot enter a valid judgment because of a procedural error does not mean that the court lacks subject matter jurisdiction. *Cf. Taliaferro v. Taliaferro*, 186 Ariz. 221, 223, 921 P.2d 21, 23 (1996) (holding that erroneous failure to honor a notice of change of judge does not divest court's subject matter jurisdiction).

¶16    It appears that *Smith* used the term "subject matter jurisdiction" somewhat loosely to allow this Court to exercise appellate jurisdiction to correct a constitutional error. *Cf. Cotton*, 535 U.S. at 629-30 (discussing parallel practice by

7

Supreme Court in federal cases when statutes limited grounds for appellate review). In *Smith*, the defendant was not represented, had pleaded guilty upon arraignment, and apparently had not been advised by the trial court about the consequences of his plea. 66 Ariz. at 380, 189 P.2d at 208. Characterizing the error in the information as involving "subject matter jurisdiction" was, under then-existing case law, critical to this Court's review of Smith's conviction and prison sentence because the Court had previously stated that the "only question[s]" it could consider on a defendant's appeal from a guilty plea were "jurisdictional ones." *Burris v. Davis*, 46 Ariz. 127, 131, 46 P.2d 1084, 1086 (1935).

¶17    Following *Smith*, in *Paxton v. Walters*, the Court concluded that a defendant convicted of perjury was entitled to habeas relief because the information did not set forth the defendant's allegedly false words. 72 Ariz. 120, 124, 231 P.2d 458, 460 (1951). Like Smith, Paxton did not have counsel, pleaded guilty upon arraignment, and received a prison sentence. *Id.* at 121, 231 P.2d at 458. Because the information failed to state an offense, the Court said that "it is a nullity, conferred no jurisdiction upon the court, and necessarily formed no basis for a plea of guilty and for the pronouncement of judgment and sentence thereon by the court." *Id.* at 124, 231 P.2d at 460. By characterizing the defect in the information as

8

jurisdictional, *Paxton* was able to afford habeas relief. *Cf.* *Oswald v. Martin*, 70 Ariz. 392, 396, 322 P.2d 632, 635 (1950) (stating that "[h]abeas corpus cannot be used as a means of reviewing errors and irregularities which do not [a]ffect the jurisdiction of the court").

¶18     Although we do not question the outcome in either *Smith* or *Paxton*, we believe that the Court's rationale in those cases is no longer tenable.  The opinions employed vague and outdated concepts of "jurisdiction" that over time have added more confusion than clarity to the resolution of particular cases.  *See Sheridan v. Superior Court*, 91 Ariz. 211, 215, 370 P.2d 949, 952 (1962) (holding that then-existing criminal rules entitled defendant to dismissal when state did not file information and observing that court was "without jurisdiction to proceed further"); *cf. Taliaferro*, 186 Ariz. at 223, 921 P.2d at 23 (acknowledging "imprecise" use of term jurisdiction in prior decisions); *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 102, 907 P.2d 67, 71 (1995) (same).  Courts no longer need to characterize errors as "jurisdictional" to afford post-conviction relief when a conviction or sentence violates the federal or state constitutions.  *See* Ariz. R. Crim. P. 32.1 (identifying grounds for relief).

¶19     Nor are we persuaded by *Smith*'s conclusion that Article 2, Section 30 limits the jurisdiction of superior

9

courts. Article 2, Section 30 appears in the Declaration of Rights and does not by its terms address jurisdiction. The records of the constitutional convention also do not suggest that the Framers regarded this provision as jurisdictional. Instead, the discussions about the language that became Section 30, which was originally submitted as Proposition 68, indicate that the Framers intended to allow prosecution of both felonies and misdemeanors by information (territorial law required felonies to be prosecuted by indictment), while assuring defendants the right to a preliminary hearing before a magistrate. *See* The Records of the Arizona Constitutional Convention of 1910, at 164, 168-71 (John S. Goff ed., 1991) [hereinafter "Records"]; *cf.* Arizona Penal Code, Title VI, ch. 1, § 786 (1901) (requiring felonies to be prosecuted by indictment).

¶20    Superior court subject matter jurisdiction is addressed in Article 6 of the Arizona Constitution. Section 14(4) of that article declares that superior courts shall have original jurisdiction in "[c]riminal cases amounting to felony." The superior courts were first established by the 1912 constitution, which included the language now in Section 14(4) as part of Article 6, Section 6. In debating the jurisdiction of the proposed superior courts, the Framers referred to Article 6, although their comments focused on probate, juvenile, and

10

forcible detainer cases rather than criminal cases.  Records at 337-39, 343-46, 772-73, 916, 1208; *cf. Taliaferro*, 186 Ariz. at 223, 921 P.2d at 23 (noting that Article 6, Section 14(9) confers subject matter jurisdiction in divorce cases); *Marvin Johnson*, *P.C.*, 184 Ariz. at 100, 907 P.2d at 69 (noting that Article 6, Section 14(8) confers subject matter jurisdiction in probate cases).

¶21    Given the language and history of Article 6, Section 14(4), we conclude that this provision, rather than Article 2, Section 30, generally governs the subject matter jurisdiction of the superior courts in criminal cases.  *See State v. Fimbres,* 222 Ariz. 293, 301-02 ¶¶ 28-33, 213 P.3d 1020, 1028-29 (App. 2009) (reaching same conclusion).

## C.

¶22    By directing that "[n]o person shall be prosecuted criminally in any court of record . . . otherwise than by information or indictment," Article 2, Section 30 recognizes an important constitutional right for criminal defendants.  Its provisions assure that a criminal defendant will have notice of the charge, a right to a determination of probable cause by either a grand jury or neutral magistrate, and a record of the charged offense as protection against further jeopardy. Accordingly, if a defendant properly objects to the state's failure to file a legally sufficient information or indictment,

11

the defendant is entitled to dismissal of the prosecution without prejudice. *See* Ariz. R. Crim. P. 16.6(b).

¶**23** Characterizing Article 2, Section 30 as creating a personal right comports with both case law and procedural rules that recognize a defendant may waive its requirements. *See Fimbres*, 222 Ariz. at 302 ¶ 31, 213 P.3d at 1029. For example, in *Buckley*, the court of appeals upheld a conviction when no information was filed but the complaint identified the charged offense and the plea agreement purported to amend and supersede any prior charging documents. 153 Ariz. at 93-94, 734 P.2d at 1049-50. Attempting to reconcile its holding with *Smith*, the court in *Buckley*, like the court of appeals here, concluded that the documents of record were the "equivalent" of an information. *Id*. But this is simply a different way of saying that the actual filing of an information is not jurisdictional and that a defendant may waive the requirements of Article 2, Section 30.

¶**24** Similarly, Rules 13.1(c), 16.1(c), and 16.6(b) presume that a defendant may waive the requirement for a timely filing of an information insofar as the rules contemplate that a defendant's inaction can preclude a belated motion to dismiss the prosecution. *Cf. State v. Sheppard*, 2 Ariz. App. 242, 407 P.2d 783, 785 (1965) (holding that defendant could waive timely filing of information within criminal rule deadlines). (When no information has been filed and an objection is raised less than

12

twenty days before trial, the court should at least direct the prompt filing of an information, even if dismissal is not warranted).

¶25 Just as we conclude that the personal right afforded under Article 2, Section 30 may be waived by a defendant, we also conclude that a defendant may forfeit the right to de novo appellate review of errors related to this provision. If a defendant does not object before trial, as occurred here, the state's failure to timely file an information will be reviewed on appeal only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, 567 ¶ 19, 115 P.3d 601, 607 (2005); *cf. Cotton*, 535 U.S. at 631 (rejecting view that defects in an indictment deprive a court of subject matter jurisdiction and instead applying plain error review when issue was not raised below). To prevail under this standard, Maldonado must establish that an error occurred, was fundamental in nature, and caused him prejudice. *See Henderson*, 210 Ariz. at 567 ¶ 20, 115 P.3d at 607.

¶26 There was no fundamental error here because Maldonado cannot show prejudice. After a preliminary hearing, the superior court found probable cause for the charge in the complaint, arraigned Maldonado, and entered his not guilty plea. At trial, the jury was read an information reflecting the same charge alleged in the complaint. Maldonado acknowledges that he

13

had notice of the charge for which he was tried, and he has not alleged any prejudice from the State's failure to file the information until after his trial.

**III.**

**¶27** For the foregoing reasons, we vacate the opinion of the court of appeals and affirm Maldonado's conviction and sentence.

_____
W. Scott Bales, Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
Michael D. Ryan, Justice

_____
A. John Pelander, Justice

14