NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NICOLE IVY DEVLIN, *Petitioner/Appellant*,

*v.*

ANTHONY MATHEW KINGERY, *Respondent/Appellee*.

No. 1 CA-CV 23-0185 FC
FILED 11-09-2023

Appeal from the Superior Court in Maricopa County
No. FC2017-090943
The Honorable Charlene D. Jackson, Judge

**AFFIRMED**

COUNSEL

Signature Law Group PLLC, Gilbert
By Bryan C. Shaw
*Counsel for Petitioner/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Anni Hill Foster joined.

**C A M P B E L L**, Judge:

¶1        Nicole Devlin ("Mother") appeals the family court's ruling regarding legal decision-making and parenting time involving their minor child. She argues that the family court lost jurisdiction over the case after she filed a petition to terminate Father's parental rights in the juvenile court. We disagree, and for the following reasons, affirm.

## BACKGROUND

¶2        In early 2018, Anthony Kingery ("Father") filed a petition to establish legal decision-making and parenting time. A year later, the parties agreed on a parenting plan, which the family court entered as a final order. Under the parenting plan, Mother had sole legal decision-making authority and the parties shared equal parenting time.

¶3        In 2021, Mother learned Father was arrested for driving under the influence with their child in the car. She filed a petition to modify parenting time and requested emergency temporary orders. The family court issued an *ex parte* order suspending Father's parenting time on a temporary basis, which it later affirmed at a temporary orders hearing.

¶4        The following year, Father filed a motion to set a trial on Mother's modification petition. During a hearing on his motion, Father advised the family court that there was also a "matter in dependency court." Based on this information, the family court declined to set a trial date.

¶5        In July 2022, Father filed an amended motion to set clarifying that the juvenile court proceeding was not a dependency action. He also affirmed that the Arizona Department of Child Safety ("DCS") was not involved. He explained that Mother filed a "private" (*i.e.*, not initiated by DCS) petition to terminate his parental rights. The family court granted Father's amended motion and set the matter for trial.

¶6        Mother filed a motion to stay the family court matter until the juvenile court ruled on her petition to terminate Father's parental rights. Father objected to the stay. In January 2023, the family court denied Mother's motion stating: "The Court has reviewed the Motion and finds that [Arizona Rule of Family Law Procedure] 5.1 applies to dependency and family law matters. The juvenile matter at issue is a private severance and is not a dependency."

¶7          A month after the January 2023 evidentiary hearing, the family court issued a ruling awarding the parties joint legal decision-making, with Mother having "presumptive decision-making authority" in the event of a disagreement. The court ordered shared parenting time, with Mother as the primary residential parent. Finally, the court advised Mother that she could file a petition to vacate the family court orders if the juvenile court terminated Father's parental rights.[1]

¶8          Mother timely appeals the family court's denial of her motion to stay and its under advisement ruling.

## DISCUSSION

¶9          Mother argues that the family court lost jurisdiction to enter legal decision-making and parenting-time orders as soon as it learned that she filed a petition in the juvenile court to terminate Father's parental rights based on grounds of abandonment and neglect. *See* A.R.S. § 8-533(B)(1) & (2). She also contends that because the family court lacked jurisdiction, it erred by denying her motion to stay the family court proceedings pending the juvenile court's ruling.

¶10          We review the family court's denial of a motion to stay for an abuse of discretion. *See State v. Ott*, 167 Ariz. 420, 428 (App. 1990). An abuse of discretion occurs when the record is devoid of competent evidence to support the decision, or when the court commits an error of law in the process of reaching a discretionary conclusion. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (internal quotation marks and citations omitted).

¶11          We review *de novo* subject matter jurisdiction as a question of law. *Beatie v. Beatie*, 235 Ariz. 427, 430, ¶ 14 (App. 2014). Subject matter jurisdiction is a "court's statutory or constitutional power to hear or determine a particular type of case." *State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14 (2010).

¶12          On appeal, Mother concedes that, although the juvenile court has exclusive jurisdiction over concurrent family law and *dependency* proceedings, there is no Constitutional or statutory provision providing for exclusive jurisdiction of the juvenile court over concurrent family law and *private termination of parental rights* proceedings. *See* Ariz. Const. art. 6, § 15; A.R.S. § 8-202(B); Ariz. R. Fam. Law P. 5.1; Ariz. R. P. Juv. Ct. 323(a); *see e.g.*,

---

[1]          The Honorable Commissioner Keelan Bodow, Maricopa County Superior Court, Juvenile Division, Case Number JS520316, denied Mother's termination petition on April 25, 2023.

*Rizik v. Jackson*, 1 CA-SA 23-0132, 2023 WL 4948670, at *2, ¶ 10 (App. Aug. 3, 2023) (mem. decision) (affirming family court's denial of a stay in the family law proceedings when the mother filed a concurrent petition to terminate the father's parental rights in the juvenile court because neither A.R.S. § 8-202(B) nor Rule 5.1 require such a stay).

**¶13**        Mother relies instead on *McClendon v. Pima Cnty.*, 6 Ariz. App. 497 (1967), which involved inconsistent family court (child custody) and juvenile court (delinquency adjudication) rulings. In that case, the family court awarded the mother custody of the parties' child, subject to the father's visitation rights. *Id.* at 497. Several years later, the juvenile court adjudicated the child delinquent and placed her in the custody of her mother and stepfather. *Id.* at 498. After learning of the child's delinquency adjudication, the father petitioned the family court for custody or, in the alternative, for his sister to have custody. *Id.* The family court entered an *ex parte* order granting immediate custody of the child to the paternal aunt. *Id.* Two days later, the juvenile court affirmed the mother's custody of the child, ignoring the *ex parte* order from the family court because "the Juvenile Court is exercising its exclusive jurisdiction" over the child who was previously adjudicated as a delinquent child. *Id.*

**¶14**        On appeal, the *McClendon* court observed that under A.R.S. § 8-202(A), as it existed in 1967, the juvenile court had "[e]xclusive original jurisdiction in all proceedings and matters affecting neglected, dependent, incorrigible or delinquent children[.]" *Id.* at 499. Based on this statutory authority, the court held that "when the juvenile court rightfully assumes jurisdiction over a child, such jurisdiction is sufficiently 'exclusive' so that hearings and orders as to the custody of that child in other judicial proceedings are unauthorized." *Id.* at 500.

**¶15**        Mother's reliance on *McClendon* is misplaced. This case does not involve a delinquency proceeding, and even under the 1967 version of the statute, it is not clear that the term "neglected" children included a child being properly cared for by one of his or her parents. Regardless, the current version of A.R.S. § 8-202 no longer grants the juvenile court exclusive subject matter jurisdiction over "all proceedings and matters affecting neglected" children. *Compare* A.R.S. § 8-202(A) (Laws 1941, Ch. 80, § 3) *with* A.R.S. § 8-202(B) (Laws 2022, Ch. 112, § 2, formerly subsection (A)). The statute now reads, "[t]he juvenile court has exclusive original jurisdiction over all proceedings brought *under the authority of this title* except for delinquency proceedings." A.R.S. § 8-202(B) (emphasis added). Here, the proceedings in family court involving legal decision-making and parenting time were brought under Title 25. *See* A.R.S. § 25-403(A) ("The court shall

determine legal decision-making and parenting time, either originally or on petition for modification, in accordance with the best interests of the child."). The juvenile court's exclusive original authority over proceedings brought under the authority of Title 8—specifically, dependency proceedings—is not implicated.

¶16     Further, the term "Juvenile court" as defined in A.R.S. § 8-201(21) only includes proceedings involving "delinquency, dependency or incorrigibility." The term "neglect" as defined in the same statute is tied to the definition of "dependent child" and refers to neglect as a reason for a child's home being "unfit." *See* A.R.S. § 8-201(15). Here there is no allegation that the child is dependent and in need of intervention by the State.

¶17     Mother argues that unless the juvenile court is given exclusive jurisdiction in all concurrent family court and juvenile court proceedings, neglected children will not be protected "through the primacy of the Juvenile Court." Her argument presumes that a "neglected" child is not limited to a child neglected by both parents, and incorrectly assumes that the family court is unable to address allegations of parental abuse and neglect. *See e.g.*, A.R.S. §§ 25-403(A)(11), -403.03(H), -410, & -411(A).

¶18     Mother argues that the juvenile court must have exclusive jurisdiction in cases involving non-dependent children because otherwise the family court could issue conflicting rulings. Because the family court expressly directed Mother to file a petition to vacate the family court orders if the juvenile court were to terminate Father's parental rights, her argument fails.  And in any event, the juvenile court denied Mother's termination petition in April 2023.

¶19     Mother also asserts that two pending proceedings could result in parenting time orders that would be confusing to the child. She argues there is a possibility that the family court could order the child to participate in visitation or reunification counseling with the non-custodial parent, only to have the juvenile court terminate that parent's parental rights months later. But absent a termination order, a parent retains his or her parental rights. A.R.S. § 1-602(D); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). These rights include the right to petition the family court for legal decision-making or parenting time orders. A.R.S. § 25-402(B). We will not restrict these rights, or the family court's authority to enter orders in the child's best interests, solely because one parent has filed a private termination petition in the juvenile court.

## CONCLUSION

¶20  For the foregoing reasons, we conclude that the family court had jurisdiction to enter parenting time and legal decision-making orders, and we affirm the court's rulings.

