NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

EDWIN JOSEPH COLLISON, *Petitioner*.

No. 1 CA-CR 24-0527 PRPC

FILED 07-15-2025

Petition for Review from the Superior Court in Maricopa County
No.  CR2014-152047-001
The Honorable Michael D. Gordon, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Edwin Joseph Collison, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge D. Steven Williams joined.

**M O R S E**, Judge:

¶1            Edwin Joseph Collison petitions this Court to review the superior court's order dismissing his first petition for post-conviction relief ("PCR"). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTS AND PROCEDURAL BACKGROUND

¶2            In June 2016, Collison pled guilty to two counts of sexual exploitation of a minor (class 2 felonies) and two counts of attempted molestation of a child (class 3 felonies). The superior court sentenced Collison to two consecutive 17.5-year terms of imprisonment.

¶3            More than eight years after sentencing, Collison filed his first petition for PCR under Arizona Rule of Criminal Procedure ("Rule") 33. The superior court summarily dismissed the petition, finding Collison failed to state a colorable claim that could be raised in an untimely Rule 33 proceeding.

¶4            Collison now seeks review. After filing his petition for review, Collison filed a supplement, which we have also considered. We have jurisdiction under Rule 33.16 and A.R.S. § 13-4239(C).

## DISCUSSION

¶5            This Court reviews the dismissal of a petition for PCR for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶6            On review, Collison asserts that the State violated his due process rights, thus divesting the superior court of subject matter jurisdiction over his case. But a constitutional claim under Rule 33.1(a) and a subject matter jurisdiction claim under Rule 33.1(b) are distinct issues. A constitutional violation, even if established, does not divest the superior court of subject matter jurisdiction. Accordingly, we address Collison's jurisdiction and constitutional claims separately.

¶7            A claim under Rule 33.1(a) must be filed "within 90 days after the oral pronouncement of sentence." Ariz. R. Crim. P. 33.4(3)(A). A claim alleging lack of subject matter jurisdiction under Rule 33.1(b) must be raised "within a reasonable time after discovering the basis for the claim." Ariz. R. Crim. P. 33.4(3)(B). Untimely Rule 33.1(a) and (b) claims are excused only "if the defendant adequately explains why the failure to timely file a notice was not the defendant's fault." Ariz. R. Crim. P. 33.4(3)(D).

¶8         The superior court entered judgment and sentenced Collison in July 2016, but he did not file his PCR notice until August 2024. Collison broadly concludes the superior court erred by claiming he provided insufficient justification for his late filing, but his petition to this Court does not explain the eight-year delay. Because Collison does not provide any justification for his untimely PCR request, his arguments are precluded and the superior court did not err by summarily denying his petition. *See* Ariz. R. Crim. P. 33.2(b)(1) (stating the superior court "may summarily dismiss" PCR notices lacking "sufficient reasons why the defendant did not raise the claim . . . in a timely manner"). Further, Collison waived any constitutional claim under Rule 33.1(a) by pleading guilty. *See State v. Flores*, 218 Ariz. 407, 409–10, ¶ 6 (App. 2008) (entering a guilty plea waives a defendant's challenge to all non-jurisdictional defects, including the deprivation of constitutional rights); *see also* Ariz. R. Crim. P. 33.2(a)(1) ("A defendant is precluded from relief under Rule 33.1(a) based on any ground waived by pleading guilty or no contest to the offense.").

¶9         Even if we were to analyze Collison's claims on their merits, he is not entitled to relief.

¶10        Subject matter jurisdiction "refers to a court's statutory or constitutional power to hear and determine a particular kind of case." *State v. Maldonado*, 223 Ariz. 309, 311, ¶ 14 (2010). Article 6, section 14 of the Arizona Constitution confers the superior courts original jurisdiction over "[c]riminal cases amounting to felony." Ariz. Const. art. 6, § 14(4); *see also* A.R.S. § 12-123(A) (noting the superior court "shall have original and concurrent jurisdiction as conferred by the constitution"). The superior court thus had jurisdiction to adjudicate Collison's felonies. *See* A.R.S. § 13-3553(C); -1410(B); -1001(C)(2).

¶11        Collison's constitutional argument is similarly unavailing. He asserts he was denied due process because he was sentenced under an unconstitutionally vague and ambiguous statute. The superior court sentenced Collison under A.R.S. § 13-705 ("Section 13-705") for committing four "dangerous crimes against children" ("DCAC"). Collison argues that to trigger the DCAC sentencing enhancements, the State was required to prove his crimes were "dangerous" as defined under Section 13-105. *See* A.R.S. § 13-105(13) (defining a "dangerous offense" as "an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the intentional or knowing infliction of serious physical injury on another person"). Because his crime did not involve "the discharge, use, or threatened exhibition of a deadly weapon or dangerous

instrument against another person," Collison asserts that the superior court could not sentence him for a DCAC offense.

**¶12** Collison is wrong. The statutory scheme unambiguously delineates between the sentencing ranges applicable to "dangerous offenses," *see* A.R.S. § 13-704; -105(13), and DCAC offenses, *see* A.R.S. § 13-705. The "dangerous offense" definition under Section 13-105(13) does not extend to sentences imposed under Section 13-705. Indeed, Section 13-704 explicitly *excludes* DCAC offenses under Section 13-705 from dangerous-offense sentences. A.R.S. § 13-704 (detailing sentencing ranges for persons convicted of a dangerous offense, "*[e]xcept as provided in § 13-705*") (emphasis added). The respective statutes punish distinct and separate categories of crimes.

**¶13** Collison pled guilty to two counts of both sexual exploitation of a minor and attempted molestation of a child, each of which are enumerated DCAC offenses. *See* A.R.S. § 13-705(T)(1)(d), (g); *see also* A.R.S. § 13-1001(C)(2). He was sentenced accordingly pursuant to Section 13-705. *See* A.R.S. § 13-705 (sentencing range for dangerous crimes against children). The superior court did not err.

**¶14** In his supplemental filing, Collison cites to this Court's decision in *State v. Marner*, 258 Ariz. 512 (App. 2024) to argue that a DCAC offense must satisfy the "dangerous offense" definition under Section 13-105(13). But the *Marner* Court held that luring a minor for sexual exploitation, *see* A.R.S. § 13-3554, is not eligible for sentencing enhancement under Section 13-705 unless the act was committed against an actual, non-fictitious minor victim under the age of fifteen. *Id.* at 518–19, ¶ 22. Because the *Marner* defendant targeted a police officer who posed as a child online, the Court concluded that "DCAC sentencing enhancements d[id] not apply" to his conviction.[1] *Id.* at 519, ¶ 23.

**¶15** Unlike the *Marner* defendant, Collison targeted an actual minor victim under the age of fifteen and was sentenced accordingly. *Marner's* facts and holding do not apply to Collison's crime.

---

[1] Another panel of this Court disagreed with the *Marner* majority and expressly adopted the *Marner* dissent's conclusion that the Section 13-705 sentencing enhancement applies even if the offense involves a fictitious victim. *State v. McNulty*, ___ Ariz. ___, ___, ¶ 42 (App. 2025). A petition for review of *Marner* is currently pending before our supreme court.

## CONCLUSION

**¶16**        Because the superior court did not err in denying Collison's requested relief, we grant review but deny relief.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JR