NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JONATHAN LAWRENCE YOUNG, *Appellant.*

No. 1 CA-CR 17-0332
FILED 4-24-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-146367-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Lawrence S. Matthew
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Peter B. Swann joined.

---

**B E E N E**, Judge:

**¶1**        This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Jonathan Lawrence Young's ("Young") convictions for aggravated DUI for driving while his license was suspended or revoked, and aggravated DUI for having a blood alcohol content of .08 or greater, both class 4 felonies. Young's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *See State v. Clark*, 196 Ariz. 530 (App. 1999). Counsel now asks us to search the record for fundamental error. After reviewing the entire record, we affirm Young's convictions and sentences.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        On October 10, 2013 at approximately 11:00 a.m., a police officer observed a vehicle failing to stop for a red light. The officer initiated a traffic stop and the driver continued almost a block before stopping.

**¶3**        The officer asked to see the driver's license and car registration. The driver fumbled for his paperwork and handed the officer an Arizona ID card, which identified him as Young. While Young was attempting to locate his paperwork, the officer witnessed him move a can of alcohol from the console to the floor behind the passenger seat. Young appeared to be impaired; his eyes were red and bloodshot, and the officer smelled alcohol on his breath.

**¶4**        The officer asked Young to exit his car. Once outside, Young was unsteady on his feet and admitted to drinking beer before being pulled over. When Young refused to take a field sobriety test, the officer placed

---

[1]        "We review the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶¶ 2-3 (App. 2015) (citation omitted).

him under arrest. The officer transported Young to the Tempe City Jail where he read him his *Miranda*[2] rights and administered two breath alcohol tests. The results of these tests were 0.222 and 0.206. A Motor Vehicle Division records check revealed that Young's driving privileges were suspended and revoked.

**¶5**　　　　Young was charged with two counts of aggravated driving while under the influence of intoxicated liquor, both class 4 felonies. Young was tried in *absentia* and found guilty on all counts. In a separate bench trial, the State proved that Young had two prior felony convictions for aggravated DUI. Young was sentenced to slightly aggravated, concurrent terms of 11 years' incarceration. Young timely appealed his conviction. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031 and -4033(A)(1).

## DISCUSSION

**¶6**　　　　The record reflects no fundamental error in pretrial or trial proceedings. Young was represented by counsel at all critical stages in the proceedings. While Young was not present at trial, when he was released prior to trial, he was advised that the proceedings would go forward in his absence if he did not appear, and Young has not claimed that his absence was involuntary. *See State v. Reed*, 196 Ariz. 37, 38, ¶ 3 (App. 1999); *see also* Ariz. R. Crim. P. 9.1. The superior court conducted a *Donald*[3] hearing in Young's presence.

**¶7**　　　　The jury was properly composed of eight members and two alternates. The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict. The court properly denied Young's motion for directed verdict and appropriately instructed the jury on the elements of the charges. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were properly administered. The jury returned unanimous guilty verdicts on both counts.

**¶8**　　　　The superior court received a presentence report, accounted for aggravating and mitigating factors, and provided Young an opportunity to speak at sentencing. The superior court properly sentenced

---

[2]　　　　*Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]　　　　*State v. Donald*, 198 Ariz. 406 (App. 2000).

Young to slightly aggravated, concurrent sentences of 11 years' incarceration for each count. The sentencing minute entry was corrected to show Young's sentence will run concurrent with his sentence for a separate, unrelated felony conviction.

¶9 Young's counsel suggests that the State's failure to file an information before trial potentially deprived the superior court of subject matter jurisdiction. While Article 2, Section 30, of the Arizona Constitution requires that "[n]o person shall be prosecuted criminally in any court of record for felony or misdemeanor, otherwise than by information or indictment[,]" the failure to file an information will be reviewed only for fundamental error if, as in this case, the defendant fails to object before trial. *State v. Maldonado*, 223 Ariz. 309, 313, ¶ 25 (2010). Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citation omitted). The defendant bears the burden of proving both the existence of the error and that the error was prejudicial. *Id.* at ¶ 20.

¶10 Here, although no information or indictment was filed, the direct complaint was sufficiently detailed to make Young aware of the charges against him. Young acknowledged the charges against him when he voluntarily signed a document waiving his right to a preliminary hearing. *See* Ariz. R. Crim. P. 5.1(a)(2). The superior court found that the direct complaint coupled with the waiver indicates Young had sufficient notice of the charges against him. Because the failure to file an information does not go to the foundation of the case and was not prejudicial, the State's failure to file an information is not fundamental error.

## CONCLUSION

¶11 We have reviewed the entire record for reversible error and find none; therefore, we affirm the convictions and resulting sentences.

¶12 After the filing of this decision, defense counsel's obligation pertaining to Young's representation in this appeal will end. Defense counsel need do no more than inform Young of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Young has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, Young has 30

4

days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA