NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ANTHONY ROBERT ARANDA, *Petitioner*.

No. 1 CA-CR 18-0364 PRPC
FILED 3-19-2019

Petition for Review from the Superior Court in Maricopa County
No. CR2015-106972-001
The Honorable Sherry K. Stephens, Judge

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Anthony Robert Aranda, Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer M. Perkins and Vice Chief Judge Peter B. Swann joined.

---

**H O W E**, Judge:

**¶1**         Anthony Robert Aranda petitions this Court for review of the dismissal of his petition for post-conviction relief under Arizona Rule of Criminal Procedure ("Rule") 32. We have considered the petition for review and for the reasons stated, grant review but deny relief.

**¶2**         After Aranda pled guilty to one count of sexual exploitation of a minor, three counts of voyeurism, and two counts of attempted sexual exploitation of a minor, the trial court entered judgment and imposed Aranda's sentences. Approximately two years later, Aranda petitioned the court for post-conviction relief.[1] This petition for review followed.

**¶3**         In his petition for review, Aranda contends the court lacked jurisdiction to "render judgment [and] to impose sentences[.]" In what appears to be an alternative argument, Aranda also claims the court "lost jurisdiction" by summarily dismissing his Rule 32 notice. Both contentions are incorrect; the trial court has jurisdiction over state felony criminal matters, including Rule 32 proceedings. Ariz. Const. Art. 6, § 14; Ariz. R. Crim. P. 32.1, 32.3; *State v. Maldonado*, 223 Ariz. 309, 312–13 ¶¶ 20–21 (2010).

**¶4**         Next, Aranda repeats his claim made in the trial court challenging the constitutionality of the voyeurism and sexual exploitation of a minor statutes. Claims made under Rule 32.1(a) must be raised in a timely notice for post-conviction relief. Ariz. R. Crim. P. 32.4(a)(2)(A) and (C). Aranda filed his Rule 32 petition on April 9, 2018, which was more than 90 days after the court sentenced Aranda on April 12, 2016. Because Aranda did not timely commence Rule 32 proceedings, the trial court did not abuse its discretion by summarily dismissing this claim. *See State v. Gutierrez*, 229

---

[1]         Aranda did not file a notice of post-conviction relief. As did the trial court, we consider the petition to be the notice required by Rule 32.4(a)(1).

Ariz. 573, 577 ¶ 19 (2012) (rulings on a petition for post-conviction relief are reviewed for abuse of discretion or error of law).

**¶5**       Aranda further argues that defense counsel ineffectively assisted him by failing to timely commence post-conviction proceedings and by advising him to waive his presentence interview. Aranda also requests that he be resentenced because various mitigating factors exist. Aranda, however, did not raise these claims before the trial court, and this Court will not review issues not first presented to the trial court. *See* Ariz. R. Crim. P. 32.9(c)(4)(B)(ii); *see also State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980) (declining to address issues not presented to the trial court).

**¶6**       Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA