NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JASON COREY BULLARD, *Appellant*.

No. 1 CA-CR 19-0063
FILED 3-10-2020

Appeal from the Superior Court in Maricopa County
No.  CR2016-001315-001
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Bain & Lauritano, PLC, Glendale
By Sheri M. Lauritano
*Counsel for Appellant*

Jason Corey Bullard, Douglas
*Appellant*

**MEMORANDUM DECISION**

Chief Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Randall M. Howe and Judge David D. Weinzweig joined.

**S W A N N**, Chief Judge:

**¶1**　　　　Jason Corey Bullard appeals his convictions and sentences for attempt to commit fraudulent schemes and artifices, illegally conducting an enterprise, and forgery.

**¶2**　　　　This case comes to us as an appeal under *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969).　We have reviewed the record for fundamental error.　*See Smith v. Robbins*, 528 U.S. 259 (2000); *Anders*, 386 U.S. 738; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).　Bullard has filed a supplemental brief *in propria persona* in which he raises several issues.

**¶3**　　　　We have searched the record and considered the issues raised by Bullard.　Our review reveals no fundamental error.　We affirm his convictions and sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶4**　　　　At trial, the state presented evidence of the following facts.　In December 2015, Bullard and Rockney Martineau filed a fraudulent quitclaim deed with the Maricopa County Recorder.　The deed indicated that property owned by Richard Shroyer, located at 2228 East Jaeger Street in Mesa, Arizona, was quitclaimed to Bullard.　A Recorder's Office employee suspected that the deed was fraudulent because it contained abnormal punctuation, listed witnesses and personal property, was not notarized, and was written in pencil and then retraced in pen.　The employee contacted police based on her prior experience with Martineau and the irregularities in the deed.

**¶5**　　　　The actual owner of the property had not quitclaimed her home to anyone and had never heard of Bullard or Martineau.

**¶6**　　　　After an investigation, Bullard was charged as described above, and after a five-day trial, a jury convicted Bullard as charged and found aggravators.　The court found that Bullard had three prior felony

convictions and sentenced him to concurrent terms of imprisonment, the longest of which is 20 years, with 592 days of presentence incarceration credit.

## DISCUSSION

### I. BULLARD'S ARGUMENTS DO NOT IDENTIFY FUNDAMENTAL ERROR.

¶7         In his supplemental brief, Bullard argues that the court acted improperly in several respects. We conclude that none of Bullard's arguments identify fundamental error.

#### A. Bullard was Properly Informed of the Charges Against Him.

¶8         Bullard contends that the superior court violated his right to be informed of the nature and cause of the charges against him. The state, however, informed Bullard of the nature and cause of the charges against him through the grand jury's indictment. *See State v. Meeker*, 143 Ariz. 256, 265 (1984) ("Either indictment by a grand jury or information after a preliminary hearing is a constitutionally proper method of bringing an accused felon to trial.").

#### B. The Charges Against Bullard Were Not Dismissed.

¶9         Bullard next contends that his imprisonment on the above charges is impermissible because the charges were dismissed pursuant to state and federal law. Bullard's statement is factually incorrect. The charges were not dismissed, the case proceeded to trial, and he was convicted by a jury and sentenced accordingly.

#### C. The Superior Court Had Subject Matter Jurisdiction.

¶10         Bullard also contends that the superior court failed to meet the requirements of common and admiralty law. Specifically, he argues that he was denied a meaningful hearing before an Article III court of record (a purported requirement of the common law) and that no signed contract was entered into the court record (a purported requirement of admiralty jurisdiction). We interpret those arguments to contend that the superior court lacked subject matter jurisdiction.

¶11         "Subject matter jurisdiction is the power of a court to hear and determine a controversy." *State v. Fimbres*, 222 Ariz. 293, 301, ¶ 29 (App. 2009) (internal quotation marks and citations omitted). Article 6, Section

14(4) of the Arizona Constitution governs the subject matter jurisdiction of the superior courts in criminal cases. *State v. Maldonado*, 223 Ariz. 309, 313, ¶ 21 (2010). Because the superior court has original jurisdiction over criminal cases involving a felony, Ariz. Const. art. 6, § 14(4), and there is no dispute that Bullard was charged with and convicted of three felonies, the superior court had subject matter jurisdiction. There are no Article III courts outside the federal system.

> D. The Statutes Bullard was Convicted Under Contain Enactment Clauses.

¶12 Bullard further contends that the statutes he was convicted under do not contain the constitutionally required "enactment clause." We find no merit in Bullard's argument.

¶13 The Arizona Constitution provides that "[t]he enacting clause of every bill enacted by the legislature shall be as follows: 'Be it enacted by the Legislature of the State of Arizona . . . .'" Ariz. Const. art. 4, § 24. The three statutes Bullard was charged under were last amended in 1993 (A.R.S. § 13-2310) and 2011 (A.R.S. §§ 13-2312, -2002), before Bullard committed the charged offenses in 2015. Those legislations commenced: "Be it enacted by the Legislature of the State of Arizona." 1993 Ariz. Legis. Serv. Ch. 225 (S.B. 1049); 2011 Ariz. Legis. Serv. Ch. 90 (H.B. 2353); 2011 Ariz. Legis. Serv. Ch. 229 (S.B. 1225).

> E. Bullard was Afforded the Assistance of Counsel.

¶14 Bullard next contends that he was not afforded the assistance of independent counsel, uninfluenced by his obligations and loyalty to the court. But Bullard offers no evidence of bias or disloyalty, and the record does not support this contention.

¶15 To the extent Bullard's supplemental brief argues that his attorney failed to provide him with effective assistance of counsel, such a claim is not reviewable on direct appeal. *See State ex rel. Thomas v. Rayes*, 214 Ariz. 411, 415, ¶ 20 (2007) ("[A] defendant may bring ineffective assistance of counsel claims *only* in a Rule 32 post-conviction proceeding—not before trial, at trial, or on direct review.").

¶16 And to the extent Bullard argues that the superior court violated his right to self-representation, we can find no authority for the proposition that a defendant's rights are violated by appointing counsel before a court has determined that the defendant has knowingly, voluntarily, and intelligently waived his right to counsel. *See Faretta v.*

*California*, 422 U.S. 806, 835 (1975) ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (quotation marks omitted)).

¶17 Finally, in conclusory statements, Bullard contends that he was denied all constitutional due process and that the state "fraudulently registered bonds with private property." We fail to discern any legal or factual basis for these arguments.

II. OUR INDEPENDENT REVIEW OF THE RECORD REVEALS NO FUNDAMENTAL ERROR.

¶18 We have read and considered counsel's brief and have reviewed the record for reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶19 The record reflects that the superior court afforded Bullard all his constitutional and statutory rights, and that the proceedings were conducted in accordance with the Arizona Rules of Criminal Procedure. The court conducted appropriate pretrial hearings, and the evidence presented at trial was sufficient to support the jury's verdicts. Bullard was present and represented by counsel at all stages of the proceedings against him.

¶20 A person commits attempted fraudulent schemes and artifices if, pursuant to a scheme or artifice to defraud, he "knowingly obtain[ed] any benefit by means of false or fraudulent pretenses, representations, promises or material omissions." A.R.S. § 13-2310(A). And a person commits attempt if he "[i]ntentionally does or omits to do anything which, under the circumstances as such person believes them to be, is any step in a course of conduct planned to culminate in commission of an offense." A.R.S. § 13-1001(A)(2). A person commits illegally conducting an enterprise if he was "employed by or associated with any enterprise" and "participate[d] directly or indirectly in the conduct of any enterprise that the person knows is being conducted through racketeering." A.R.S. § 13-2312(B). And a person commits forgery if he "[o]ffers or presents, whether accepted or not, a forged instrument or one that contains false information," with the intent to defraud. A.R.S. § 13-2002(A)(3). Here, the state's evidence established that Bullard instructed Martineau to file a quitclaim deed without the property owner's permission to allow Bullard to use the

home as equity for a loan. The jury's verdicts therefore were supported by sufficient evidence. Bullard's sentences fall within the range prescribed by law, and he received sufficient credit for presentence incarceration. *See* A.R.S. §§ 13-703(C), (J), -712(B), -1001(C)(2), -2002(C), -2310(A), -2312(D).

## CONCLUSION

**¶21** We affirm Bullard's convictions and sentences. Defense counsel's obligations pertaining to this appeal have come to an end. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Unless, upon review, counsel discovers an issue appropriate for petition for review to the Arizona Supreme Court, counsel must only inform Bullard of the status of this appeal and his future options. *Id.* Bullard has 30 days from the date of this decision to file a petition for review *in propria persona*. *See* Rule 31.21(b)(2)(A). Upon the court's own motion, Bullard has 30 days from the date of this decision in which to file a motion for reconsideration. *See* Rule 31.20(c).



AMY M. WOOD • Clerk of the Court
FILED: AA